---

(53 Misc. Rep. 614)

ÆTNA INDEMNITY CO. v. RYAN.

(Supreme Court, Appellate Term. April 10, 1907.)

1. INSURANCE—INDEMNITY—APPLICATION—ACCEPTANCE—CONSIDERATION.

Where defendant signed a printed application for a surety bond and delivered the same to plaintiff surety company, which accepted the application and issued the bond thereon, there was a completed contract,

though the application was not signed by plaintiff, and recited that defendant signed "in consideration of the mutual covenants" of the plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 195–201.]

**2. EVIDENCE—OPINION EVIDENCE.**

Where a municipal contractor's bond required him to pay premiums while the bond was in force, a witness was not entitled to testify that the bond was still in force, in the absence of proof of knowledge as to whether the contractor had completed the building required by the contract and whether the city had accepted the same.

**3. TRIAL—CURING ERROR.**

In an action for two years' premiums on a contractor's bond, payable in advance on January 25th of each year, the erroneous admission of evidence that the bond was still in force was cured by testimony of defendant that the work secured was completed in March, 1905, and that he was bound to maintain all roofing and gutters for a period of 12 months thereafter.

**4. INSURANCE—INDEMNITY—CONSTRUCTION OF BOND.**

A bond securing the work of a municipal contractor provided for a premium to be paid annually, and that the life of the bond should be the interval between the date of the bond and the date of the completion and acceptance of the work; the contractor agreeing to give notice in writing to the surety company of such completion and acceptance. The contract required the contractor to warrant and maintain all roofing, gutters, etc.. for 12 months after completion of the building. Held, that plaintiff's liability on the bond terminated one year after such completion, though defendant gave no notice thereof, and hence that plaintiff was only entitled to recover premiums up to that date.

**5. SAME—TERMINATION OF LIABILITY.**

Where the liability of a contractor's surety was to continue until "completion and acceptance of the work," the time of the completion of the work should be construed as coexistent with the acceptance thereof, so that the surety's liability continued until both contingencies occurred.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Ætna Indemnity Company against Peter J. Ryan. From two Municipal Court judgments in favor of plaintiff, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Frank Leo Ryan, for appellant.

Lexow, Mackellar & Wells (T. Tileston Wells, of counsel), for respondent.

ERLANGER, J. The plaintiff brought these actions to recover premiums upon two surety bonds, given by it to the city of New York as security for the faithful performance by the defendant of two contracts made between the city and the defendant. One contract provided for the erection of a building in the borough of Manhattan for Hook & Ladder Company No. 8, and one for repairs upon Public School Building No. 11 in the borough of the Bronx. The questions involved in each case are similar and by stipulation they were tried as one case.

Prior to the issuance by the plaintiff of the bonds in question the defendant signed and delivered to the plaintiff a printed form or application, evidently issued by the plaintiff to its customers, containing the

rates to be paid as premium and the terms and conditions under which surety bonds are issued, and imposing certain requirements to be kept and conformed to by the persons applying for such bonds when executed by the plaintiff. These forms contain the name of the plaintiff, designated therein "as the party of the second part," and a blank space for date, and the name of the applicant, who is to be designated therein "as the party of the first part." So far as it is material to the determination of the questions involved in the present controversy, the following clause in said application need only be considered:

"The said party of the first part does covenant and agree to pay in advance * * * a premium or charge for the first year of the life of the said bond of one-half of 1 per cent. on the amount of said bond, and annually in advance thereafter of one-half of 1 per cent. on the amount of the bond; it being expressly understood and agreed that the life of any contract bond shall be the interval between the date of said bond and the date of the completion and acceptance of the work covered by said bond. The said party of the first part hereby agrees to give notice in writing to said surety company of said completion and acceptance."

The defendant, as before stated, signed said application and delivered it to the plaintiff. The plaintiff thereupon issued two surety bonds, running to the city of New York, both conditioned, in substance, that the defendant would well and truly, and in a good, sufficient, and workmanlike manner, perform the work and furnish the material and in every respect comply with the conditions and covenants contained in the contract or agreement made between the city and the defendant, whereby and wherein the defendant agreed to erect one and repair the other building hereinbefore mentioned. The plaintiff did not sign the application referred to, and, as it recited that the defendant signed "in consideration of the mutual covenants of the plaintiff," the defendant alleging that it contained no "mutual" covenants, it is urged by the appellant herein that such application is without consideration, unenforceable against the defendant, that there is no proof of a promise on the part of the defendant to pay renewal premiums, and that no action by the plaintiff can be predicated thereon.

A complete answer to that contention is that the printed application, when signed by the defendant and delivered to the plaintiff, and by it accepted and acted upon, constitutes a complete contract between the parties; each being bound by its terms. Lord v. Cronin, 154 N. Y. 172, 47 N. E. 1088. The acceptance of the application by the plaintiff was indicated by the execution of the bonds. The defendant accepted the bonds and received the benefits arising therefrom, and cannot now be heard to assert that he is not bound by the provisions of the application made by him therefor and forming the contract upon which the bonds were issued. In action No. 1 the plaintiff seeks to recover the sum of $100. The bond given by the plaintiff in this case was to secure the city from loss upon a contract made between the defendant and the city for repairing the school building before referred to, and was dated February 27, 1904. One year's premium was paid thereon, and the plaintiff canceled the bond as of September 1, 1905. The bond in action No. 2 was given upon a contract for the erection of the building for the hook and ladder company before referred to, and was dated January 25, 1904. The complaint in both actions alleges that the

amount of the first year's premium was reduced by the plaintiff, for the second and third years in which the bonds were in force, from 1 per cent. on the amount of the bonds to one-half of 1 per cent.; and on the bond given on the hook and ladder contract the plaintiff claimed the sum of $400, being two years' premium from January 25, 1905. This claim was made upon the ground that no notice had ever been received by the plaintiff from the defendant of the completion and acceptance of the building by the city.

The question to be determined in these actions is when the liability of the plaintiff under the bond ceased. The plaintiff offered the testimony of one McGuirk, a clerk in the comptroller's office, who, over the defendant's objection, was allowed to testify that the bond given under the contract to erect the hook and ladder building was still in force. This testimony was clearly improper, as its accuracy depended upon the existence of a fact not shown to have been within the knowledge of the witness, viz., whether or not the defendant had completed the erection of the building and whether or not the city had accepted the same. It was shown, and substantially admitted, that the plaintiff had never received notice of the completion and acceptance by the city of the hook and ladder house. The admission of the evidence of McGuirk was harmless, however, as the error was cured by the testimony of the defendant, by whom it was shown that the work on the hook and ladder building was begun in May or June, 1904, and completed in March, 1905; but there is no proof of any acceptance of the building by the city, except the testimony of defendant, who swears that possession was taken by the city about the time the building was completed. This testimony was not disputed, and must be taken as true. The taking possession of the building by the city must be considered, in the absence of proof to the contrary, as an acceptance of the work done under the defendant's contract, unless it was shown that the contract provided otherwise therein. It appeared that one of the specifications contained in the contract for the erection of this building was as follows:

"All the roofing, gutters, etc., are to be done in the best manner, and warranted and maintained for 12 months after the completion of the building."

The condition of the bond being as hereinbefore stated, it will be seen that the defendant was bound to the city for 12 months after the completion of the building, and consequently the liability of the plaintiff under the bond existed for that time. Assuming, then, that the building was completed and accepted by the city in all respects, except as to the requirement of the specification above mentioned contained in the contract, which still remained in force in March, 1905—and of this fact there seems to be no substantial dispute—the liability of plaintiff continued until March, 1906; and, as payments of the premium on the bond were to be made "in advance," they accrued on January 25th of each year from the date of the bond, during the life of the bond, and therefore there was due the plaintiff on January 25, 1905, the sum of $200, and on January 25, 1906, a like sum, and, had the plaintiff brought an action at any time prior to March, 1906, during the time of its existing liability, no doubt could be cast upon its right to recover the sum of $400, the amount recovered in this action, leaving the defendant

to his right to recover for any portion of the unearned premium after the plaintiff's liability had ceased. This action was not brought, however, until September, 1906, some months after the obligation of the defendant under the contract to the city had terminated; and the plaintiff, having accepted and adopted the terms of the application made by the defendant, which expressly declared and agreed that the life of the bond shall be the interval "between the date of said bond and the completion and acceptance of the work covered by said bond," can recover in this action no more premium than was earned during the existence of the plaintiff's liability thereunder—the bond having expired when defendant's accountability to the city terminated.

The plaintiff recovered in this action upon the theory that it was entitled to payment of premiums, notwithstanding the "completion and acceptance" of the work, until the defendant gave written notice of such completion and acceptance. With this theory we do not agree. It is true that there was a provision in the application that the defendant should give such notice. That provision was for the benefit of the defendant only, and cannot be held to abrogate or overrule the express declaration in such application that the life of the bond shall be the interval between its date and the completion and acceptance of the work. There is no penalty attached to the failure to give such notice, nor does the application contain a provision to the effect that payment of the premium should continue until such was given. Moreover, the plaintiff did not treat the clause requiring the giving of the notice of any moment, as in action No. 1 it canceled the bond as of the date of the completion and acceptance of the work in September, 1905, although it did not receive notice thereof until February, 1906, and it is perfectly manifest that it was the intent of the parties that the premium charged was to be based upon the time that plaintiff's liability existed, without regard to whether or not the specified notice was given. It follows, therefore, that the plaintiff in action No. 2 is entitled to a judgment for premium under a liability existing from January, 1905, to March, 1906, being 12 months after the city took possession of the building, or a total period of one year and two months, instead of two years, as allowed in the court below; such premiums amounting to the sum of $233.33.

In action No. 1 the bond issued to protect the city upon the school building was dated February 27, 1904. The defendant claims that the work was completed on April 1, 1905; but he offers no evidence of an acceptance by the city, except that he testified that the city took possession of the building in September, 1905, which corresponds with the date of the cancellation of the bond by the plaintiff. As the liability of the plaintiff was to continue until "completion and acceptance," the time of the completion of the work must be coexistent with the acceptance, and the plaintiff's liability continued until both contingencies occurred. This bond was in force, therefore, from February 27, 1904, until September, 1905, and, the first year's premium thereon having been paid, the claim of the plaintiff to a six months' premium from February to September seems well founded and supported by proof. The contention of the defendant that there was an accord and satisfaction is without merit, and is not sustained by the evidence.

The interest upon the amount due has evidently been miscalculated in this action. Judgment was rendered for $16 interest. As before stated, the first year's interest was paid, and the plaintiff is entitled to but the interest from the date the second year's premium was due (February 27, 1905) until the time the judgment was rendered (November 28, 1906), a period of one year and nine months; the correct amount of interest being $10.50, making the recovery $110.50, instead of $116. In the other action the plaintiff is entitled to interest on $200 from January 25, 1905, to November 28, 1906, amounting to the sum of $22, and on the sum of $200 from January 25, 1906, to April 1, 1906, amounting to the sum of $2, and on $33.33 from April 1, 1906, to November 28, 1906, amounting to $1.33; the total amount of premium and interest aggregating $258.66.

The judgment in action No. 1 will be modified by reducing the amount of recovery to $110.50 and the appropriate costs in the court below, and, as so modified, affirmed, with costs. In action No. 2 the judgment will be modified by reducing the same to $258.66 and appropriate costs in the court below, and, as so modified, affirmed, without costs to either party. All concur.