WILLIAM LORD, as Executor of MARTHA A. CRONIN, Deceased, Respondent, *v.* JOHN H. CRONIN, Appellant.

HUSBAND AND WIFE — MONEY FURNISHED HUSBAND BY WIFE — EXPRESS CONTRACT BY HUSBAND TO REPAY ON CONTINGENCY OF WIFE'S SURVIVAL — ENFORCEMENT OF IMPLIED OBLIGATION, ON ANNULMENT OF CONTRACT BY PRIOR DEATH OF WIFE.   A married woman owning real estate conveyed a parcel, on which there was an outstanding mortgage, to her husband, and to enable him to pay off the incumbrance raised the amount thereof by executing a mortgage on other property belonging to her, securing a bond which her husband signed with her, on receiving from her husband a written agreement, signed by him alone, whereby he covenanted that if he should die before his wife, the sum raised by the wife's mortgage should be a charge upon his estate and paid as a debt owing by him, and that his estate should convey to her his interest in certain real estate (which, it was claimed, she had given to him), followed by the statement that if his wife should not survive him, the agreement should be of no effect.   The husband survived the wife, and her executor sued him for the sum claimed to have been lent to him by her.   *Held*, that the money furnished to the

husband by the wife constituted a loan, independently of the husband's written agreement; that as that agreement had, by its terms, become of no effect through the death of the wife, the parties were remitted to such obligations as arose from the loan and failure to pay it; and, hence, that the action was maintainable and a recovery justified.

*Lord* v. *Cronin*, 9 App. Div. 9, affirmed.

(Argued October 11, 1897 ; decided October 26, 1897.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered September 21, 1896, reversing a judgment in favor of defendant entered on a nonsuit granted at Circuit and granting a new trial.

This action was brought to recover the sum of $8,000 which the plaintiff's testatrix is alleged to have lent to the defendant on or about the second day of May, 1892. The answer contains in substance a general denial and several affirmative defenses not material on this appeal.

Upon the trial it appeared that prior to May, 1892, the testatrix, who was the wife of the defendant, owned several parcels of real estate, and that she had conveyed one piece to her husband, upon which there was a mortgage for $8,000 outstanding and unpaid. Mr. Cronin wished to pay off the mortgage and Mrs. Cronin borrowed $8,000 by mortgaging other real estate belonging to her in order to lend it to him for that purpose. He signed the bond, to which the mortgage last named was collateral, with his wife. She refused, however, to execute the mortgage until he signed and delivered to her a written instrument of which the following is a copy :

" This agreement, made this second day of May, in the year of our Lord one thousand eight hundred and ninety-two, between John H. Cronin and Martha A. Cronin, of the city of Troy, county of Rensselaer and state of New York, witnesseth, that in consideration that my wife, Martha A. Cronin, has this day mortgaged certain premises of hers, situate upon the northwest corner of Fulton and Mechanic streets in said city of Troy, to Samuel P. McClellan, as executor of the will of Jane Calkins, deceased, for the sum of eight thousand dol-

lars, at my request, and has loaned to me said sum so borrowed as aforesaid, now, in consideration thereof, I, John H. Cronin, husband of the said Martha A. Cronin, do hereby covenant and agree that if it shall occur to me to die before the decease of the said Martha A. Cronin, the said sum of eight thousand dollars so procured as aforesaid shall be a charge upon my estate, and shall be paid as a debt owing by me, I having become a party to the bond given upon such borrowing; and I further agree that in such case my executor or administrator, or personal representatives, shall convey to the said Martha A. Cronin, surviving me, all my one-half interest in the premises known by street numbers 107 Fourth street and 2260 Fifth avenue, in the city of Troy, to have and to hold unto the said Martha A. Cronin, her heirs and assigns forever.

"But if the said Martha A. Cronin shall not survive me, then this agreement shall be of no effect.

"In witness whereof I, the said John H. Cronin, have hereunto set my hand and seal in duplicate, this 2d day of May, 1892.

"J. H. CRONIN. [L. s.]"

This instrument was executed in triplicate and duly acknowledged, one of the originals being delivered to Mrs. Cronin, another to the mortgagee, while the third was retained by the defendant. Upon the trial the plaintiff offered said agreement in evidence, and furnished some slight proof of a loan independent of that paper, but when he rested the trial court dismissed the complaint upon the ground that Mrs. Cronin intended the so-called loan to her husband as a gift in case she died before him. The Appellate Division reversed the judgment upon the ground that as Mrs. Cronin neither signed the instrument nor expressed any intention to forgive the debt, and as by her death the instrument had by its terms become of no effect, the parties were remitted to such obligations as arose from the loan and the failure to pay it. The defendant thereupon appealed to this court.

*E. Countryman* for appellant. It was made a condition precedent to her right of recovery that the wife should survive her husband ; and as the occurrence of that event is of the essence of the contract, it cannot be ignored in determining the rights of the parties. (*Clason* v. *Bailey*, 14 Johns. 484; *James* v. *Patten*, 6 N. Y. 9 ; *Justice* v. *Lang*, 42 N. Y. 494; *Mason* v. *Decker*, 72 N. Y. 595; *Egleston* v. *Knickerbacker*, 6 Barb. 458; *Drake* v. *Seaman*, 97 N. Y. 230; *Mentz* v. *Newwitter*, 122 N. Y. 491; *Horn* v. *Hanser*, 56 Minn. 43; *Van Dorn* v. *Robinson*, 16 N. J. Eq. 256; *Miller* v. *Cameron*, 45 N. J. Eq. 95.)

*Charles E. Patterson* for respondent. The death of Mrs. Cronin did not operate as a payment of the loan of $8,000, nor change its character so as to constitute it a gift. (*French* v. *Carhart*, 1 N. Y. 102; *Coleman* v. *Beach*, 97 N. Y. 545, 554; *Russell* v. *Allerton*, 108 N. Y. 288.) There is no question of usury in this case. (4 R. S. [8th ed.] 2512; *H. Ins. Co.* v. *Dunham*, 33 Hun, 415.)

VANN, J. The contract in question, although unilateral in form, was binding upon both parties named therein, as one had assented thereto by subscribing his name at the end thereof, and the other by accepting the instrument so signed as a valid and operative agreement and acting thereupon. (*L'Amoreux* v. *Gould*, 7 N. Y. 349; *Justice* v. *Lang*, 42 N. Y. 493, 498; *Mason* v. *Decker*, 72 N. Y. 595.) It is to be observed, however, that every express promise appearing in the contract was made by the defendant, who covenanted in the first place that if he should die before his wife, the sum borrowed should be a charge upon his estate and paid as a debt owing by him ; and in the second place that, upon the same contingency, his estate should convey to her his one-half interest in certain real estate, which, as it is claimed, she had given to him. Finally, he declared by the closing sentence that both of these covenants should be void, provided his wife should not survive him. She made no express promise whatever, either by way of releasing the

debt absolutely or conditionally, or any other. The instrument
is silent as to the rights or obligations of either party in case the
husband should prove the survivor.    That contingency is not
provided for, even by implication, as the agreement by its
terms was to be of no effect unless Mrs. Cronin should live
the longer.    The argument, therefore, founded on the rela-
tions of the parties and the covenant of the husband not only
to pay the debt to his wife, but also to convey land to her in
addition if she survived him, to the effect that the loan was
by implication to become a gift as a part of a family arrange-
ment if he survived her, cannot be sound, because in the latter
event, the agreement was to be the same as if it had never
been made.    Neither the express nor the implied covenants,
if any, survived the death of the wife, for the life of the agree-
ment in all its parts was to cease with her own, provided her
husband still lived.    Nor does the contention that the written
agreement is presumed to express the entire contract between
the parties rest on any better foundation, for when the wife
died there was no agreement.    It had ceased to exist by virtue
of its own stipulations.    It simply provided for a contingency
that never happened, and as it has now turned out never can
happen, and as soon as this became certain through the death
of Mrs. Cronin, the agreement was, according to its express
words, " of no effect."    Whatever the presumption might have
been if the agreement had been kept in force by the happen-
ing of the other contingency, to wit, the death of Mr. Cronin
before that of his wife, it is unnecessary to consider, because
as she is dead while he still lives, there is no longer any agree-
ment for the presumption to operate upon.    The written and
conditional promise of the defendant to pay was not the sole
consideration for the loan, because, if a certain event happened,
the agreement containing that promise was wiped out, which
left the original implied promise to repay in force.    It was not
agreed either in express terms or by reasonable implication
that, unless the debt was paid as provided in the contract, it
was not to be paid at all.    Under these circumstances, we think,
as the learned Appellate Division held, that " the parties are

remitted to such obligations and duties as the loan and its non-payment imply," for, unless the debt created by the loan was extinguished by the agreement, it was not extinguished at all.

What, then, it is pertinently asked, was the object of the defendant in executing a contract apparently so one-sided? His primary object, of course, was to secure the loan, which Mrs. Cronin refused to make until he signed the contract. As she gave a mortgage upon her own property and he signed the bond with her, upon the face of the transaction she might appear to be the principal debtor, so that if he should die first she would need some written evidence that the mortgage was given to raise money to lend to him and that the amount thereof was to be repaid by him or his estate. It was not unnatural that she should request this or that he should comply with her request in order to get the money from her. The promise to convey the land to her if she survived him was simply a promise to restore what she had given him, so that she could have it instead of his heirs. Whether there was the further object of postponing the time of payment until the death of one of the parties, for as long as the contract was in life all implied promises were in life also, or of substituting the conveyance of land in the place of paying interest, if Mrs. Cronin survived her husband, it is unnecessary to decide.

The case is peculiar and not without difficulty, but we think that the conclusion reached by the Appellate Division is correct and that their judgment should be affirmed, and judgment absolute rendered against the appellant upon his stipulation, with costs.

GRAY, O'BRIEN and HAIGHT, JJ., concur; ANDREWS, Ch. J., and BARTLETT, J., dissent on the ground that the only evidence of a loan was contained in the writing, and that by the writing, by fair construction and in view of the relation of the parties, the only obligation assumed by the husband was contingent upon the wife's surviving; and MARTIN, J., dissents generally.

Judgment accordingly.