### PELLETREAU v. BRENNAN et al.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

**1. SPECIFIC PERFORMANCE—CONTRACT—DESCRIPTION OF LAND.**
> The description in a contract for sale of land "Clinton and Joralemon street" is sufficient to warrant specific performance, as it enables the land to be identified and fully described by evidence dehors.
> [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, §§ 71–82.]

**2. SAME—LEGAL INFERENCE.**
> The legal inference is that a contract to sell land described only by certain streets refers to land in the city where the parties were dealing.
> [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, §§ 71–82.]

**3. SAME—IDENTIFYING LAND TO BE GIVEN IN PART CONSIDERATION.**
> That the contract for sale of land by defendant to plaintiff does not identify land which plaintiff agrees to give in part consideration is immaterial in an action for specific performance; plaintiff having tendered performance, as only the seller can raise the objection of no written contract.

**4. SAME—PROVISION FOR MORE FORMAL CONTRACT.**
> It is no ground of objection to specific performance of a contract for sale of land that it provides for execution of a more formal contract.
> [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, § 58.]

**5. PRINCIPAL AND AGENT—ACTION ON CONTRACT SIGNED IN NAME OF AGENTS.**
> Though a contract is signed by agents in their names only, it not being under seal, action may be maintained on it by and against the principals.
> [Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, §§ 691–700.]

> Rich and Miller, JJ., dissenting.

Appeal from Special Term, Kings County.

Action by Ella M. Pelletreau against Lizzie Brennan and another. From a judgment for defendants entered on a trial, plaintiff appeals. Reversed.

Suit by the purchaser to enforce specific performance of a contract for the sale of real estate.

The contract is as follows, signed with the initials of the defendant May and the plaintiff's husband:

| | |
|---|---:|
| May agree to sell & Pelletreau agree to buy Clinton and Joralemon Street subject to 1st mtg. of having two years to run | $32,500 |
| 2d mtg., 1 year, 6% | 7,500 |
| Cash | 3,300 |
| Lots subject to $1,800, 1 year, 6%, May to take equity | 1,700 |
| | $45,000 |

Pay $500 down 30 day contract renewal on payment of $500 more of 30 days—May to pay 400 commission to V. F. P. & Co. when title passes.

Contracts to be signed tomorrow A. M.

Contracts to be made between Ella M. Pelletreau.

Time to be essence and deposit to be forfeiture of damages.

V. F. P.
J. M.

Oct. 12, 1904.

The defendant May acted for himself and the defendant Brennan in making the contract, and the plaintiff's brother acted for her. The title of land purchased by the plaintiff was in the name of the defendant Brennan for the defendant May.

The trial court gave judgment for the defendants on the plaintiff's evidence.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Edward J. McCrossin, for appellant.

Hugo Hirsh, for respondent.

GAYNOR, J. The judgment has to be reversed. The findings of fact and conclusions of law are that the contract expresses no consideration, and is so vague and indefinite that a judgment of specific performance cannot be given upon it. The contract contains every essential, i. e., it gives the names of the seller and the buyer, expresses the consideration, and describes the land to be conveyed by the defendants. The description, "Clinton & Joralemon street," suffices, for it enables the land to be identified and fully described by evidence de hors (Waring v. Ayres, 40 N. Y. 357; Miller v. Tuck, 95 App. Div. 134, 88 N. Y. Supp. 495; Levin v. Dietz, 106 App. Div. 208, 94 N. Y. Supp. 419) ; and such evidence was given. As the parties were dealing in the city of New York, the legal inference is that the contract refers to land there. That the land to be conveyed by the plaintiff as part consideration is not identified by the contract does not matter; it is only the seller who can raise the question of no written contract (Torres v. Thompson, 29 Misc. Rep. 526, 60 N. Y. Supp. 790) ; and the plaintiff tendered performance. That the contract provides for the execution of a more formal contract does not detract from it; it is enforcible (Pratt v. Hudson R. R. Co., 21 N. Y. 305; Sanders v. Pottitzer Bros. Fruit Co., 144 N. Y. 209, 39 N. E. 75, 29 L. R. A. 431, 43 Am. St. Rep. 757). The writing not being sealed, the action can be maintained by and against the principals for whom their agents signed, although the latter signed by their own names only (Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617).

The judgment should be reversed.

Judgment reversed, and new trial granted; cost to abide the event. All concur, except RICH and MILLER, JJ., who dissent.