## QUINTO v. ALEXANDER.

(Supreme Court, Appellate Division, Second Department. December 5, 1907.)

FRAUDS, STATUTE OF—SALE OF LAND—PARTY ENTITLED TO RAISE OBJECTION.
    Vendee in a contract for the sale of land cannot raise the question that the contract is not sufficiently expressed in writing to satisfy the statute of frauds (Real Property Law, Laws 1896, p. 602, c. 547, § 224); but vendor alone can raise that question.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 245.]

Appeal from Municipal Court of New York.

Action by Anthony Quinto against Arthur Alexander. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Meyer Greenberg, for appellant.

James E. Smyth, for respondent.

GAYNOR, J. This action is to recover back $50 paid by the plaintiff to the defendant as a deposit on a contract for the purchase by the former of the latter of a lot of land. The defendant did not refuse performance, but the plaintiff claims the right to recover on the ground that the contract was not sufficiently expressed in writing to satisfy the statute of frauds. But this is wholly irrelevant. It is only the vendor who can raise that question. Even if the contract be oral, the vendee has to carry it out or. forfeit the amount which he has paid, on a tender of performance by the vendor. The statute only requires that the contract of sale be reduced to writing and signed by the vendor; the vendee does not need to sign it. Real Property Law, Laws 1896, p. 602, c. 547, § 224; Collier v. Coates, 17 Barb. 471; Pelletreau v. Brennan, 113 App. Div. 806, 99 N. Y. Supp. 955.

The judgment should be reversed.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.