### KORN ₋v. BIRNN.

(Supreme Court, Appellate Term, First Department.   April 10, 1913.)

1. LANDLORD AND TENANT (§ 22*)—AGREEMENT CONSTITUTING "LEASE."

A memorandum, reciting a letting of an apartment at a specified monthly rental and that the tenant would sign a written lease in a specified form before moving in, constitutes a valid "lease."

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. § 22.*

For other definitions, see Words and Phrases, vol. 5, pp. 4043–4049; vol. 8, pp. 7702, 7703.]

2. LANDLORD AND TENANT (§ 200*)—BREACH BY TENANT—DAMAGES RECOVERABLE.

On vacation of an apartment by a tenant before the end of the term, the landlord is entitled to recover rent and telephone charges stipulated for, but not the expense of preparing the apartment for the tenant's use.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 794–797; Dec. Dig. § 200.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Peter Korn against Edward Birnn. Judgment for defendant, and plaintiff appeals. Reversed.

Argued March term, 1913, before LEHMAN, GERARD, and DE-LANY, JJ.

Thomas F. Kane, of New York City, for appellant.

LEHMAN, J. The plaintiff claims that on or about the 15th day of May, 1912, the defendant entered into a written lease of an apartment for the term of 14 months, beginning June 1, 1912, at a rental of $60 per month. The defendant occupied the apartment and paid rent for the month of July, but paid no rent for the month of August. The plaintiff, therefore, seeks to recover the rent for the month of August, and also the expense of preparing the apartment for the tenant's occupancy.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1, 2] It appears that on May 15th the parties signed a written memorandum setting forth the term of the letting and the monthly rental, and that the defendant was to sign a written lease in a specified form before moving in. The memorandum shows an agreement upon all the terms of the lease, and constitutes a valid lease. Corn v. Bergmann, 138 App. Div. 260, 123 N. Y. Supp. 160; Pelletreau v. Brennan, 113 App. Div. 806, 99 N. Y. Supp. 955. The plaintiff is therefore entitled to recover the August rent and the telephone charges. He is, however, on no possible theory entitled to the expense of preparing the apartment for the tenant's use. The tenant, in return for the lease, has agreed to pay a fixed rent. He can be held to this promise, but not for any other damages.

Judgment should be reversed, with costs, and judgment ordered for the plaintiff for the sum of $61.60, with costs in the court below. All concur.