WILLIAM BRUNE, Plaintiff, *v.* WILHELMINA K. VOM
LEHN, Defendant.

(Supreme Court, Kings Special Term for Trials, June, 1920.)

Specific performance — lease — contracts — actions — equity —
estoppel.

> Plaintiff had a lease of defendant's property with an option
> to purchase.  Shortly after this lease was executed the parties
> agreed to the cancellation of the option to purchase, and for
> the making of a new lease extending the term, in consideration
> of defendant's making material and costly improvements.  De-
> fendant signed one copy of this agreement and submitted the
> other copy to plaintiff for his signature, but plaintiff never
> signed it.  Defendant spent large sums of money in improving
> the property and now when plaintiff's original lease is about
> to expire he brings an action for specific performance under it.
> Defendant counterclaims, seeking specific performance of the
> agreement modifying the lease.  *Held,* that there is no equity
> in plaintiff's claim, and that he is estopped from asserting it,
> although his lease is under seal; that where the owner seeks
> to enforce an oral agreement it is no defense to the lessee that
> the agreement was not in writing; that it was not necessary
> that both copies of the modified lease should be signed by the
> defendant; that defendant's only relief is in equity and that
> she is entitled to judgment for specific performance of the
> modified lease.

ACTION to compel specific performance.

Gustav Lange, Jr., for plaintiff.

Emory F. Dyckman (Franklin Taylor, of counsel),
for defendant.

CROPSEY, J.  There is no dispute that the plaintiff
had a lease of defendant's property, which contained
a provision giving him the option to purchase.  While

it is disputed that any new arrangement was made between the parties the court finds as a fact that shortly after the plaintiff's lease was executed the parties did agree that the option to purchase should be canceled and that a new lease should be executed extending the plaintiff's term, but giving him the right to terminate the lease at certain periods, all in consideration of the defendant making material and costly changes and improvements in the property. The modified and changed agreement was reduced to writing and signed by the defendant and although submitted to the plaintiff was not signed by him. The parties to this action and their respective spouses were very friendly and socially very intimate, and the formalities that might have been insisted upon but for this relationship were not required. The result was that although the defendant made the changes in the property, as agreed, and expended thousands of dollars thereon, pursuant to the modified arrangement, the signature of the plaintiff to the new agreement was never obtained. Then after the lapse of almost two years and when the plaintiff's original lease was about to expire, and the values of all properties had greatly increased as is matter of common knowledge, the plaintiff claiming that his option to purchase still continued sought to exercise it and now brings this action to have it specifically enforced.

There is no equity in the plaintiff's claim. On the contrary, it is not based on good faith or fair dealing. The plaintiff agreed to release and cancel his right to purchase in consideration of the improvement by the defendant of the property he occupied under lease. The defendant did improve this property, spending thousands of dollars upon it and upon the strength of plaintiff's agreement that the option was canceled. The plaintiff stood by while the defendant improved

the property and cannot now get the benefit of those improvements under the option which he agreed to relinquish as a consideration for the making of the improvements. And although plaintiff's lease is under seal the option may be waived and the plaintiff estopped from asserting it by an oral agreement given for a good consideration which the defendant has fully performed. *Fleming* v. *Gilbert,* 3 Johns. 528; *Lattimore* v. *Harsen,* 14 id. 330; *Jenks* v. *Robertson,* 2 T. & C. 255; *Dearborn* v. *Cross,* 7 Cow. 48. The defendant pleads a counterclaim seeking specific performance of the agreement actually made between the parties on the modification of plaintiff's lease. Even though this relief could not be granted plaintiff could not have judgment, as already stated. But the facts and the law justify the granting of the relief which defendant seeks. The negotiations which led up to the modified agreement were conducted between the plaintiff and defendant's husband, who was her agent. He had no authority in writing and plaintiff claims this is fatal. But it is not. While no interest in property other than a lease for a term not exceeding one year can be created, assigned or surrendered, except by a deed in writing subscribed by the person creating, assigning or surrendering the same " or by his lawful agent, thereunto authorized by writing " (Real Prop. Law, § 242), a contract for the leasing for a longer period than one year or for the sale of real property may be made by the lessor's or grantor's lawfully authorized agent, although the latter's authority is not in writing. Real Prop. Law, § 259; *Worrall* v. *Munn,* 5 N. Y. 229, 243; *Siemers* v. *Heuchel,* 109 Misc. Rep. 323; *Appelbaum* v. *Galewski,* 34 id. 281, 283. But this question is really not involved here for the reasons hereinafter stated.

Notwithstanding the provisions of the Real Prop-

erty Law requiring certain agreements relating to real. property to be in writing, a court of equity still possesses its powers to prevent the perpetration of a fraud, and section 270 of the Real Property Law provides that these powers are not abridged and that the court may compel specific performance of agreements in cases of part performance. So it has been held where a buyer goes into possession under an oral agreement and makes improvements specific performance will be decreed. *Canda* v. *Totten,* 157 N. Y. 281. And this holds true, although the rental value of the property for the period occupied was greater than the amount expended for the improvements. *Young* v. *Overbaugh,* 145 N. Y. 158. While these cases are not strictly as those of part performance they are sometimes so classed. On the other hand, where the buyer has merely paid a part or the whole of the purchase price specific performance will not be decreed for the reason that he has an action at law for the recovery of the amount and will not be defrauded by the denial of equitable relief. *Cooley* v. *Lobdell,* 153 N. Y. 596; *Milholland* v. *Payne,* 169 App. Div. 712. Such cases are not considered as those of part performance and the same is true where services have been rendered as the consideration for a conveyance instead of the purchase price being actually paid. *Russell* v. *Briggs,* 165 N. Y. 500. The rule which is applicable and which indicates the reason for the decisions above referred to is stated in *Woolley* v. *Stewart,* 222 N. Y. 347, 351; " He (owner) may, however, withdraw himself from the policy and defense of the statute, or waive its protection, by inducing or permitting without remonstrance another party to the agreement to do acts, pursuant to and in reliance upon the agreement, to such an extent and so substantial in quality as to irremediably alter his situation and make the inter-

position of the statute against performance a fraud. In such a case a court of equity acts upon the principle that not to give effect to those acts would be to allow the party permitting them to use the statute as an instrument defending deception and injustice.'' The case at bar clearly comes within this rule. The plaintiff permitted the defendant to materially and substantially improve the property, relying upon plaintiff's agreement to release the option and to execute the modified lease. He stood by while the defendant expended her money pursuant to this agreement and the defendant has no right of action against him for the recovery of the amount so paid out. Her only relief is in equity.

The Statute of Frauds merely requires that the writing be signed by the grantor or lessor. Real Prop. Law, §§ 242, 259. There is no requirement that the buyer or lessee must sign. This is a plain indication that the statute was enacted for the protection of the property owner and only he can raise the question that the agreement was not in writing. *Pelletreau* v. *Brennan,* 113 App. Div. 806, 807; *Fleischman* v. *Plock,* 19 Misc. Rep. 649; *Torres* v. *Thompson,* 29 id. 526; *Rouse* v. *Halpern, Inc.,* 99 id. 494. And although the statute says that a contract of this character is void unless in writing and that no estate can be granted or transferred except by a writing, still an oral agreement for the sale or leasing of real property may be specifically enforced against an owner or lessor unless he pleads the Statute of Frauds, for unless that statute is pleaded it is not available as a defense. *Crane* v. *Powell,* 139 N. Y. 379. In other words, an oral agreement is enforcible unless the owner or lessor raises the question of the Statute of Frauds. From this it follows that where the owner or lessor seeks to enforce the oral agreement it is no defense to the buyer or lessee that the agreement was not in writing.

But the modified lease in question was signed by the lessor. While she signed only the copy of it that she retained that would be a sufficient signing to hold her to it in an action by the plaintiff. It is not necessary that both copies should have been signed by the defendant nor even that any copy should be signed by her, for any writing so signed stating the agreement is sufficient. *Roskam-Scott Co.* v. *Thomas,* 175 App. Div. 84; *Marks* v. *Cowdin,* 226 N. Y. 138, 145.

Equity has the power to specifically enforce an executory contract to lease property. *Shea* v. *Keeney,* 155 App. Div. 628, 630.

The plaintiff's complaint is dismissed upon the merits, with costs, and the defendant is entitled to judgment for a specific performance of the modified lease.

Judgment accordingly.