300 West End Avenue Corporation, Respondent, v. Harry M. Warner, Appellant.

First Department, March 30, 1928.

Frauds, Statute of — lease of real property — lessee may plead as defense that neither lease nor memorandum was subscribed by lessor or his lawfully authorized agent as required by Real Property Law, § 259.

In an action by the lessor for the specific performance of a lease for a period greater than one year the lessee may plead as a defense that neither the lease nor any memorandum thereof was subscribed by the lessor or his lawfully authorized agent as required by section 259 of the Real Property Law. Both the lessor and the lessee may take advantage of the Statute of Frauds.

Merrell, J., and Dowling, P. J., dissent, with opinion.

Appeal by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 8th day of December, 1927.

*Joseph H. Hazen* of counsel [*Thomas & Friedman*, attorneys], for the appellant.

*David L. Podell* of counsel [*Leonard Kommel* with him on the brief], for the respondent.

Proskauer, J. Plaintiff seeks to enforce a lease for a period greater than one year. The sole question upon this appeal is whether the lessee may assert as a defense that neither the lease nor any memorandum thereof was " subscribed by the lessor * * * or by his lawfully authorized agent." (Real Prop. Law, § 259.) It may be conceded that there are dicta to the effect that this statute was enacted for the benefit of the lessor and may not be availed of by the lessee. But there are no holdings to that effect. *Brune* v. *Vom Lehn* (112 Misc. 342; affd., 196 App. Div. 907) discusses the question, but explicitly states in the opinion that " the modified lease in question was signed by the lessor." In *Quinto* v. *Alexander* (123 App. Div. 1) the decision turned entirely upon the right of a vendee to recover earnest money upon the ground that the contract was not enforcible under the Statute of Frauds because not signed by him. The case was decided upon the principle that " even if the contract be oral, the vendee has to carry it out or forfeit the amount which he has paid, on a tender of performance by the vendor." (See, also, *Keystone Hardware Corp.* v. *Tague*, 246 N. Y. 79.) In *Pelletreau* v. *Brennan* (113 App. Div. 806) the contract was in fact signed by the vendors and the sole question was whether it was sufficiently definite to constitute an enforcible obligation and to comply with the requirements of the Statute of Frauds. Isolated expressions in *Ford Motor Co.* v. *Hotel Woodward Co.* (271 Fed. 625) and *Roskam-Scott Co.* v. *Thomas* (175 App. Div. 84) also fall far short of a holding that the statute is not to be literally interpreted.

The dicta of these cases must yield to the decisions which hold squarely that the statute must be literally followed. (*Coles* v. *Bowne*, 10 Paige, 526; *Champlin* v. *Parish*, 11 id. 405; *Reynolds* v. *Dunkirk & State Line R. R. Co.*, 17 Barb. 613; *Cagger* v. *Lansing*, 43 N. Y. 550; *Laughran* v. *Smith*, 75 id. 205, 208; *Westwitt Realty Corp.* v. *Burger*, 212 App. Div. 622, 624.) In *Champlin* v. *Parish* (11 Paige, 405, 410), an action by the vendors to compel specific performance by the purchaser, Chancellor Walworth said: " * * * a contract for the sale of lands is not binding upon either party, unless the agreement is in writing, and is subscribed by the party by whom such sale is to be made * * * it is not sufficient to charge the vendee, upon such a contract, that the agreement is duly subscribed by him."

In *Laughran* v. *Smith* (75 N. Y. 205, 208), an action to recover rent under an oral lease, Andrews, J., wrote: " The lease having been subscribed by the lessees only, and not by the lessor, and being for a longer period than one year, was void, and created no estate or interest in the land, and imposed no obligation upon either of the parties."

Under these authorities the lessee may properly assert as a defense that neither lease nor memorandum was subscribed by the lessor or by his agent.

For this reason the order granting the motion to strike out the separate defense should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Martin and O'Malley, JJ., concur; Dowling, P. J., and Merrell, J., dissent.

Merrell, J. (dissenting). The action is brought to recover the sum of $10,000 damages, which the plaintiff alleges it sustained by reason of the failure of the defendant to keep and perform an agreement entered into between the plaintiff and defendant on September 28, 1926, whereby the plaintiff alleges it promised a lease to the defendant and the defendant promised to lease from the plaintiff a certain apartment, 9-b, in the premises at 300 West End avenue, borough of Manhattan, New York city, for three years from October 1, 1926, to September 30, 1929, at a yearly rental of $7,000. It is alleged in the complaint that plaintiff agreed to repaint and redecorate said apartment and that plaintiff did so in accordance with defendant's instructions; that in breach of said agreement the defendant has wholly failed and neglected and refused to perform said contract on his part, and has refused to sign said lease, and has refused to pay any rent. Alleging due performance on its part of all conditions of said contract by it to be performed, the plaintiff demands judgment against the defendant for the sum of $10,000 damages, besides interest and costs.

The amended answer of the defendant put in issue the allegations of the complaint as to the entry of the parties into the contract therein alleged, of plaintiff's performance thereof, that the defendant committed a breach of said contract, and that plaintiff suffered damages, as therein alleged. As a separate and complete defense to the complaint the defendant alleges in the second paragraph of his answer: " That neither the said alleged lease or contract or any note or memorandum thereof was in writing subscribed by the alleged lessor, the plaintiff in this action, or by any person by him lawfully authorized."

The plaintiff moved at Special Term for an order under rule

109, subdivision 6, of the Rules of Civil Practice, striking out the said affirmative defense contained in the answer, on the ground that said alleged defense did not state facts constituting any defense to the plaintiff's complaint. The court at Special Term granted the motion of the plaintiff, and the order appealed from was thereon entered. I think the order was properly granted. While section 259 of the Real Property Law provides that a contract for the leasing for a longer period than one year or for the sale of any real property or an interest therein is void unless the contract or some note or memorandum thereof expressing the consideration is in writing subscribed by the lessor or grantor or by his lawfully authorized agent, the courts have uniformly held that section 259 was enacted for the benefit of the lessor, and that only a lessor may take advantage of the provisions of section 259. (*Pelletreau* v. *Brennan,* 113 App. Div. 806; *Brune* v. *Vom Lehn,* 112 Misc. 342; affd., 196 App. Div. 907.) The opinion written by Mr. Justice CROPSEY at Special Term (112 Misc. 342) states, in part (at p. 346): " The Statute of Frauds merely requires that the writing be signed by the grantor or lessor. (Real Prop. Law, §§ 242, 259.) There is no requirement that the buyer or lessee must sign. *This is a plain indication that the statute was enacted for the protection of the property owner and only he can raise the question that the agreement was not in writing.* (*Pelletreau* v. *Brennan,* 113 App. Div. 806, 807; *Fleischman* v. *Plock,* 19 Misc. Rep. 649; *Torres* v. *Thompson,* 29 id. 526; *Rouse* v. *Halper, Inc.,* 99 id. 494.) And although the statute says that a contract of this character is void unless in writing and that no estate can be granted or transferred except by a writing, still an oral agreement for the sale or leasing of real property may be specifically enforced against an owner or lessor unless he pleads the Statute of Frauds, for unless that statute is pleaded it is not available as a defense. (*Crane* v. *Powell,* 139 N. Y. 379.) In other words, *an oral agreement is enforceable unless the owner or lessor raises the question of the Statute of Frauds. From this it follows that where the owner or lessor seeks to enforce the oral agreement it is no defense to the buyer or lessee that the agreement was not in writing.*" (Italics are the writer's.) The affirmance by the Appellate Division, Second Department, BLACKMAR, P. J., and MILLS, RICH, KELLY and JAYCOX, JJ., sitting, was upon the opinion of Mr. Justice CROPSEY at Special Term. In *Quinto* v. *Alexander* (123 App. Div. 1), which was an action to recover back moneys paid by the plaintiff to the defendant as a deposit on a contract for the purchase by the former of the latter of a parcel of land, the defendant did not refuse performance, but plaintiff claimed the right to recover on the ground that the contract was

not sufficiently expressed in writing to satisfy the Statute of Frauds. Mr. Justice GAYNOR, writing for a unanimous court in the Second Department, said: " But this is wholly irrelevant. It is only the vendor who can raise that question. Even if the contract be oral, the vendee has to carry it out or forfeit the amount which he has paid, on a tender of performance by the vendor."

In *Ford Motor Co.* v. *Hotel Woodward Co.* (271 Fed. 625) the United States Circuit Court of Appeals, referring to said section 259 of the Real Property Law, held that the statute was a rule of evidence and that a contract within its terms, even though the statute be not pleaded, could be proved by oral testimony alone; that such a contract was not void, but only voidable, and that the word " void " in the statute must be so understood. It seems to me there can be no question that the statute was enacted for the protection of the property owner, and that only the property owner himself can raise the question that the agreement was not in writing. In *Roskam-Scott Co.* v. *Thomas* (175 App. Div. 84) this court held that the purpose of the statute was to prevent fraud in the claiming of an oral contract giving the right to the possession of real property where none exists. In that case Mr. Justice SMITH, writing for a unanimous court in this department, said (at p. 86), referring to section 259 of the Real Property Law: " The purpose of this statute is to prevent fraud in the claiming of an oral contract giving the right to possession of real property where none exists. For the protection then of the owners of the property it is required that the contract, or a note or memorandum thereof, should be in writing and signed by the lessor or his duly authorized agent."

I am, therefore, of the opinion that an oral agreement to lease is enforcible unless the owner or lessor raises the question of the Statute of Frauds, and that the defense that the agreement is not in writing is not available to the lessee.

The order of the Special Term striking out the said separate and complete defense should, therefore, be affirmed, with ten dollars costs and disbursements to the respondent against the appellant.

DOWLING, P. J., concurs.

Order reversed, with ten dollars costs and disbursements to appellant, and motion denied, with ten dollars costs.