300 WEST END AVENUE CORPORATION, Appellant, *v.*
HARRY M. WARNER, Respondent.

(Argued January 7, 1929; decided February 13, 1929.)

*David L. Podell* and *Leonard Kommel* for appellant.
Although the statute says that oral contracts to lease
for more than one year are void, nevertheless the con-
struction placed on the statute by the courts is that such

contracts are merely voidable. (*Ford Motor Co.* v. *Hotel Woodward Co.*, 271 Fed. Rep. 625.) Section 259 of the Real Property Law was designed for the benefit and protection of owners and lessors of real property, thereby differing from the original Statute of Frauds in England. (*Roskam-Scott Co.* v. *Thomas*, 175 App. Div. 84; *Brune* v. *Vom Lehn*, 112 Misc. Rep. 342; 196 App. Div. 907.) The defense that the lessor has not signed any note or memorandum of the contract to lease is not available to the defendant lessee and he cannot plead the same as an affirmative defense in his answer. (*Brune* v. *Vom Lehn*, 112 Misc. Rep. 342.)

*Joseph H. Hazen* for respondent. Where the lessor's or grantor's cause of action is founded upon an oral contract the defendant-lessee or grantee may plead the Statute of Frauds. (*Coles* v. *Brown*, 10 Paige's Ch. 526; *Champlin* v. *Parish*, 11 Paige's Ch. 405; *Vielie* v. *Osgood*, 17 Barb, 130; *Reynolds* v. *D. & S. L. Railroad Co.*, 17 Barb. 613; *De Beerski* v. *Paige*, 36 N. Y. 537; *Cagger* v. *Lansing*, 43 N. Y. 550; *Loughran* v. *Smith*, 75 N. Y. 205; *Jewett* v. *Griesheimer*, 100 App. Div. 210.) An oral agreement to enter into an agreement of lease is within the Statute of Frauds. (2 Reed Statute of Frauds, § 682; *McLachlin* v. *Village of Whitehall*, 114 App. Div. 315; *Westwitt Realty Corp.* v. *Burger*, 212 App. Div. 622.) The Statute of Frauds was designed to prevent litigation over oral agreements. (*Hagedorn* v. *Lang*, 34 App. Div. 117.)

POUND, J. This is an action to recover damages for breach of a contract to lease whereby plaintiff promised to make and defendant promised to take a lease of real property in the city of New York for a term of three years at a yearly rental of $7,000. The answer sets up as a defense the Statute of Frauds (Real Property Law, § 259; Cons. Laws, ch. 50) and alleges:

"*Second.* That neither the said alleged lease or contract or any note or memorandum thereof was in writing

subscribed by the alleged lessor, the plaintiff in this action, or by any person by him lawfully authorized.'

The Special Term granted a motion to strike out this defense. The Appellate Division reversed, denied the motion and certified a question to be reviewed by this court as follows:

" Is the separate and complete defense in the amended answer to the complaint herein sufficient in law upon the face thereof? "

Real Property Law, § 259, reads as follows:

"A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, *subscribed by the lessor or grantor*, or by his lawfully authorized agent."

It seems passing strange that this provision of the statute, in force for one hundred years, should still require authoritative judicial construction. Its genesis may profitably be traced in the statutes of the State.

Under the former Statute of Frauds (L. 1787, ch. 44, § 11; 1 Kent & Radcliffe Revised Laws, pp. 75–79) it was provided, in the language of 29 Car. II, C. 3. § 4, that "no action shall be brought * * * whereby to charge the defendant * * * upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them, * * * unless the agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

The Commissioners appointed to revise the statute laws of the State made a report to the Senate in 1827, proposing a material change in the statute. They recommended the following:

" § 8. Every contract for the leasing for a longer period than three years, or for the sale of any lands, or any

interest in lands, shall be void, unless the contract and *the consideration* thereof shall be reduced to writing, and be *subscribed by the party by whom the lease or sale is to be made,* and unless the person to whom the lease or sale is to be made, shall subscribe such contract or a counterpart thereof, or at the time the same is executed, pay, or give security for the payment of, the purchase money." (Vol. 3, ch. VII, title I, page 12, § 8.)

They said (Revisers' notes, Vol. 3, p. 12): " Under that section (§ 11, *supra*) it has been held, among other things,

" 1. That a letter or other writing, though written subsequently to the making of the agreement, is sufficient to take the case out of the statute. This has led to many refinements and distinctions. By omitting the words, ' *note or memorandum thereof,*' and requiring the contract to be reduced to writing, the language is made more precise, and the door closed to the introduction of similar exceptions.

" 2. That the literal act of *signing* is not necessary, although the statute speaks of ' *signing.*' After setting out with this principle, the courts found themselves perfectly at large, as to what should be considered a signing. To prevent difficulties of this sort hereafter, the revisers propose to require that these agreements shall be *subscribed.*

" 3. That it is sufficient, as against the party sought to be charged, if the instrument be signed by him; and accordingly the courts of equity will decree a specific performance of an agreement to sell lands, against the person who holds the written engagement of the other party signed by him alone, though the latter may be wholly remediless. Many of the ablest judges in England and in this country, have regretted this rule of construction. (See the remarks of Chancellor KENT, in 14 Johns. Rep. 489.) The revisers have proposed in the above section, what seems to them a sound rule."

When the Revised Statutes were enacted (R. S. ch.

VII, title 1, § 8; 2 R. S. [1st ed.] p. 135) a material change was made in the language of the statute which, however, widely departed from the language proposed by the revisers. Research has brought no answer to the question why this change was made. Paige, J., in *Worrall* v. *Munn* (5 N. Y. 229, 244) incidentally, but not with entire accuracy, remarks: " The statute of frauds of 1787 was substantially in the same words as the title of the revised statutes in relation to fraudulent conveyances." The section, not greatly varying from its present form, then read as follows:

" § 8. Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party, by whom the lease or sale is to be made."

Of this section, Chancellor Walworth said in *Champlin* v. *Parish* (11 Paige Chan. 405, 410):

" Under these provisions of the revised statutes, the court for the correction of errors has decided that a contract for the sale of lands is not binding *upon either party*, unless the agreement is in writing, and is subscribed by the party by whom such sale is to be made, or by his agent duly authorized * * *."

Thereafter it was generally held that the Statute of Frauds required that a contract for the sale of lands must be in writing and be subscribed by the party by whom the sale is to be made, or by his agent lawfully authorized (*Worrall* v. *Munn, supra*), until the magisterial opinion of Gaynor, J., in *Pelletreau* v. *Brennan* (113 App. Div. 806), which stated the rather extraordinary view that " it is only the seller who can raise the question of no written contract." This opinion was based on a memorandum opinion of the same learned justice in *Torres* v. *Thompson* (29 Misc. Rep. 526), based on two cases (*Collier* v. *Coates*, 17 Barb. 471; *Galvin* v. *Prentice*, 45 N. Y. 162),

which do not decide the point. The case has been followed in *Brune* v. *Von Lehn* (112 Misc. Rep. 342 affd., on opinion below, 196 App. Div. 907; *Quinto* v. *Alexander* (123 App. Div. 1); *Ford Motor Co.* v. *Hotel Woodward Co.* (271 Fed. Rep. 625). (See, also, *Roskam-Scott Co.* v. *Thomas*, 175 App. Div. 84,- " for the protection then *of the owners of* the property it is required," etc.; *McTague* v. *Conroy*, 232 N. Y. Supp. 171, 173.)

This abrupt change in the rule which had been recognized for almost a century may perhaps be attributed in part to the influence of a false antithesis between section 259, Real Property Law, and section 85, Personal Property Law (Cons. Laws, ch. 41), which, as to contracts to sell personal property, requires the note or memorandum of the contract of sale to " *be signed by the party to be charged,*" and in part to the ultimate recognition of the rule that like clauses in the Statute of Frauds state a rule of evidence rather than of substantive law, which is not available as a defense unless pleaded by the party sought to be charged. (*Crane* v. *Powell*, 139 N. Y. 379; *McKenna* v. *Meehan*, 248 N. Y. 206.)

Law taken for granted or dogmatically asserted is an unsafe guide for future judicial action. That the owner alone needs protection is an assertion made without reason or authority to support it.

Here we are dealing with the special mandate of a statute which plainly says that the contract, or some note or memorandum thereof, shall be void unless subscribed by the lessor or grantor and we have the statute pleaded as a defense. The purpose of the statute is to prevent fraud. The owner is not the only possible victim of the fraud made possible by proof of oral contracts. Fraud may seek to compel one either to take or to make transfers of an interest in real estate evidenced only in parol. The change from the original statute is clearly marked. The Legislature deliberately chose the words " lessor or grantor " instead of the " person to be charged thereby."

The old law required the note or memorandum to be signed only by the party who was sued thereon. It had to be signed by him, without regard to the part of the contract which he was to perform. Under the section of the Revised Statutes, the vendor's signature is necessary without regard to the party who seeks to compel performance.

A brief statement of the proper construction of the section may be helpful in this connection. It has been held, under 2 R. S. 136, § 3, now Personal Property Law, § 85, that a note or memorandum *signed* by the party to be charged is equally corroborative, whether it passes between the parties themselves or between one of them and a third party. (*Peabody* v. *Speyers*, 56 N. Y. 230.) This is the rule which might be reasonably applied where the note or memorandum is *subscribed* by the lessor or grantor and the lessee or grantee seeks to enforce the con-. tract. (*Worrall* v. *Munn, supra.*) It is inept where the lessor or grantor seeks to enforce the contract by his own self-serving declarations. The idea in the minds of the revisers was that the lessor or grantor should subscribe the contract and that the grantee or lessee should either subscribe it or should pay or give security for the payment of the purchase money. This, they said, was the sounder rule as it protected both parties to the contract. The Legislature confused the situation by inserting the words " note or memorandum." Its purpose in doing so is not entirely clear. Still it is adumbrated by the recommendations of the revisers. They suggested a contract, either subscribed or assented to by both parties. The Legislature did not go so far. A note or memorandum thereof subscribed by the vendor was thought sufficient. The requirement is that the writing shall be *subscribed.* A mere signing is not enough. (*James* v. *Patten,* 6 N. Y. 9; *Mesibov, Glinert & Levy* v. *Cohen Bros. Mfg. Co.,* 245 N. Y. 305, 310.) But it does not follow that the vendor may enforce an oral executory contract against the purchaser merely by writing and subscribing a memorandum of the bargain. The meeting of minds which

establishes contractual relations must be shown. The purchaser must indicate his assent to the transaction. The note or memorandum, although subscribed by the lessor or grantor alone, becomes enforcible by him only when the lessee or grantee is shown in some manner to have accepted it as evidence of a valid and operative agreement between the parties. (*Worrall* v. *Munn, supra; Lord* v. *Cronin*, 154 N. Y. 172, 175.)

A lease for a term ·exceeding one year must, as a rule of substantive law, be in writing subscribed by the lessor or his agent. (Real Property Law, § 242.) So, also, subject to the conditions herein stated, the agreement to make such a lease, or a note or memorandum thereof, must, as a rule of evidence, be in writing subscribed by the lessor or his agent.

The order should be affirmed, with costs and the question certified answered in the affirmative.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed, etc.