WIGGINTON, Chief Judge.
Defendant in an action for debt on an open account for goods sold and delivered has appealed a summary final judgment entered in favor of plaintiff on the issues made by the complaint and the counterclaim filed thereto. Defendant contends that the trial court erred in the construction placed by it upon the statute of frauds and, because of such error, the judgment appealed should' be reversed.
*459 Plaintiff sued defendant for an account balance owed it for goods sold and delivered. Defendant’s answer admitted the debt but questioned the exact amount claimed as alleged in the complaint. Defendant alleged by way of counterclaim that an agreement of novation had been entered into between the parties whereby plaintiff agreed to compromise and settle the indebtedness owed it by defendant in consideration of the payment of $100.00 cash and a conveyance by defendant to plaintiff of a certain described parcel of land in Levy County. Plaintiff answered the counterclaim denying that any agreement of no-vation had been entered into between the parties whereby the indebtedness sued upon had been compromised and settled, and that even if such an agreement had been consummated, it was unenforceable by virtue of the provisions of the statute of frauds.
Depositions of the parties and of an attorney formerly representing plaintiff reveal without dispute that if any agreement of novation had been entered into between the parties as alleged in defendant’s counterclaim, it was entirely oral and no writing, note or memorandum thereof, was signed by either of the parties to the cause. In the summary final judgment appealed herein the trial court found that the agreement of novation alleged by defendant in his counterclaim as a defense to the action was unenforceable because of the provisions of the statute of frauds, and that since no genuine issue of any material fact existed with respect to plaintiff’s claim for the balance owed it by defendant, plaintiff was entitled to judgment as a matter of law.
The statute of frauds upon which the trial court’s judgment is based provides in pertinent part as follows:
“ * * * No action shall be brought whereby to charge * * * any person * * * upon any contract for the sale of lands, * * * unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith * * *” [1]
It is appellant’s position that the above-quoted statute is intended to provide protection only to the vendor who is alleged to have orally agreed to make a conveyance of land, and is not intended to protect the vendee if he is the one charged in the action with liability under the contract. Appellant urges that the part of the above-quoted statute which makes reference to “the party to be charged therewith” has reference only to the vendor who is alleged to have agreed to convey his land, and should not be construed to refer to the vendee who has allegedly agreed to purchase the land. Under appellant’s interpretation of the statute, the owner of land may be held liable for an agreement to convey his property only if such agreement or some note or memorandum thereof shall be in writing or signed by him, whereas the vendee who is alleged to have agreed to purchase the land may be held liable under an oral agreement, and his liability is not dependent upon whether the agreement is reduced to writing or signed by him.
Conversely, appellee contends that the purpose and intent of the statute is to protect both the vendor and the vendee from liability on any agreement for the purchase or sale of land unless the agreement, or some note or memorandum thereof, is in writing and signed by the party against whom liability is sought to be imposed. Appellee construes that part of the statute which refers to “the party to be charged therewith” to mean the party against whom relief is sought, whether that party be the alleged seller or the alleged purchaser.
There appears to be a division of authority in other states of our country on the point raised by this appeal. Some states and text writers hold that the statute of frauds should be interpreted and applied *460 as contended for by appellant,[2] whereas others adhere to the contrary view urged by appellee.[3]
This court has heretofore aligned itself with those jurisdictions and authorities which agree that the construction urged by appellee and adopted by the trial court in the rendition of the summary judgment appealed is the sounder view and should prevail as the rule of law in Florida. In Williams v. Faile[4] this court held that a vendor who had conveyed a parcel of land to his vendee under an oral contract of purchase and sale was precluded by the statute of frauds from establishing by oral testimony that the vendee was indebted to him for an unpaid portion of the agreed purchase price. We held that since the contract for the sale of the land was not in writing or evidenced by some note or memorandum thereof, the statute of frauds was applicable to the vendor owner and precluded him from seeking to enforce what he claimed to be the balance of the purchase price due him under the unenforceable contract. The inescapable inferences arising from our holding in the Williams case are that the statute of frauds is intended for the benefit of both the seller and the purchaser of land, and that “the party to be charged” referred to in the statute shall be construed to mean the person against whom liability is asserted, whether that person be the alleged seller or buyer of the land in question.
Our decision in Williams was motivated by the same reasoning expressed by the Court of Appeals of New York in its decision reviewing and affirming the trial court’s decision in the case of 300 West End Ave. Corporation v. Warner, supra.[5] After criticizing and expressing its disagreement with former decisions of New York courts dealing with the point now under consideration, the court said:
“Law taken for granted or dogmatically asserted is an unsafe guide for future judicial action. That the owner alone needs protection is an assertion made without reason or authority to support it. Here we are dealing with the special mandate of a statute which plainly says that the contract, or some note or memorandum thereof, shall be void unless subscribed by the lessor or grantor and we have the statute pleaded as a defense. The purpose of the statute is to prevent fraud. The owner is not the only possible victim of the fraud made possible by proof of oral contracts. Fraud may seek to compel one either to take or to make transfers of an interest in real estate evidenced only in parol. * * * ”
The effect of the court’s decision in the above-quoted case was to hold that the statute of frauds in New York was intended for the benefit of both the seller and purchaser, the lessor and lessee of real estate, and the protection of the statute could be pleaded by either party to an oral contract which the statute declared to be unenforceable.
We adhere to the holding of this court in the Williams case, and based upon that and the other authorities cited above hold that the trial court did not err in its construction of the statute of frauds as contended by appellant. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., and RAWLS, JJ-, concur.

. F.S. § 725.01, F.S.A.

. Brune v. Vom Lelm, 112 Misc. 342, 183 N.Y.S. 360; 37 C.J.S. Statute of Frauds § 220, p. 717.

. 300 West End Ave. Corporation v. Warner, 223 App.Div. 267, 228 N.Y.S. 44, Aff’d 250 N.Y. 221, 165 N.E. 271; 37 C.J.S. Statute of Frauds §§ 206, 220, pp. 698, 717.

. Williams v. Faile, (Fla.App.1960) 118 So.2d 599.

. 300 West End Ave. Corporation v. Warner, 250 N.Y. 221, 165 N.E. 271, 272, 273.