ELLSWORTH E. ESSLINGER AND WALTER E. KUGLER, Appellants, v. T. PASCOE.

**Statute of frauds:** ORAL ASSUMPTION OF LAND CONTRACT. The oral agreement of a third party to repay to the purchaser of land at his option the amount paid on a contract and to assume his further obligations to the vendor, is within the statute of frauds.

*Appeal from Franklin District Court.*— HONS. J. H. RICHARD and J. R. WHITAKER, Judges.

MONDAY, NOVEMBER 20, 1905.

SUIT at law to recover money paid to another on a land contract. A demurrer to the petition was sustained and the suit dismissed. The plaintiffs appeal. *Affirmed.*

*David Evans* and *Taylor & Evans,* for appellants.

*H. C. Liggett* and *E. P. Andrews,* for appellee.

SHERWIN, C. J.— The plaintiffs bought certain real estate of one Shearer, and paid on the purchase price thereof the sum of $1,000. The parties to the transaction entered into a written contract, by the terms of which the balance of the purchase money was to be paid within a specified time, and thereupon Shearer was to convey the land to the plaintiffs

and give them possession thereof. In the event of a failure to pay the balance as agreed, the plaintiffs forfeited the payments made. The deal was made through the agency of the defendant, and this is a suit to recover of him the $1,000 paid to Shearer on the land. The petition sets out the land contract, and alleges that the plaintiffs were induced to make the same by the defendant's verbal promise that, if they would do so, " he would at their option  .  .  .  pay back to them the sum of one thousand dollars with interest," and " would cause himself to be substituted in their place in said written contract and would pay the said balance and ·deferred payment to be made under the said written contract." The demurrer attacked the petition on several grounds, and the point is made therein that the oral contract sued on is an agreement for the transfer of the plaintiffs' interest in the real estate in question, and is therefore within the statute of frauds.

The appellants earnestly contend that the oral contract pleaded does not involve the transfer of any interest in real estate, and hence is not affected by the statute. But in this we think they are clearly mistaken. Their purchase and their contract had undoubtedly vested in them an interest in the real estate, and, stripped of all verbiage, their petition alleges merely that the defendant orally agreed to take the contract off of their hands, at their option, and to himself perform its conditions " and be substituted in their place." If he had done this, he certainly would have acquired all of the interest that the plaintiffs had in the land, and in our judgment the allegations of the petition bring the case clearly within the statute. Brown on the Statute of Frauds (5th Ed.) Sec. 229; *Newlin v. Hoyt,* 91 Minn. 409 (98 N. W. Rep. 323); *Riddell v. Riddell* (Neb.) 97 N. W. Rep. 609; *McCoy v. McCoy,* 32 Ind. App., 38 (69 N. E. Rep. 193); *Green v. Hathaway,* 36 N. J. Eq. 471.

If it be treated purely as an option contract, no liability could arise until the option had been exercised by the plain-

tiffs, and they plead, that they did exercise it. An option contract must comply in its creation with the statute if the option be exercised. 21 Am. & Eng. Enc. of Law, 927 (2d Ed.) and cases cited. *Fitzpatrick v. Woodruff,* 96 N. Y. 561; *Barrett v. McAllister,* 33 W. Va. 738 (11 S. E. Rep. 220); *Myers v. Stone,* 128 Iowa, 10.

The demurrer was rightly sustained, and the judgment is *affirmed.*