LOUISE G. CLARKSON, Respondent, *v.* HAROLD KRIEGER, Appellant, Impleaded with Others.

(Submitted May 8, 1930; decided June 3, 1930.)

*Raphael H. Weissman, Herman Berniker, Harold Kreiger* and *Philip Kreiger* for appellant. There was no contract between the parties. (*Peterson* v. *Pattberg,* 248 N. Y. 86; *Cook* v. *Caster,* 87 App. Div. 8; *Levin* v. *Dietz,* 194 N. Y. 376.) There was no writing between the parties sufficient to comply with the Statute of Frauds. (*300 West End Ave. Corp.* v. *Warner,* 250 N. Y. 22; *Ansorge* v. *Kane,* 244 N. Y. 395; *St. Regis Paper Co.* v. *Hubbs & Hastings Co.,* 235 N. Y. 30; *Varney* v. *Ditmars,* 217 N. Y. 223; *United Press* v. *N. Y. Press Co.,* 164 N. Y. 406; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 314; *N. E. D. Holding Co.* v. *McKinley,* 246 N. Y. 45.) The appellant to the knowledge of the plaintiff acted as agent and is not personally bound by the alleged contract. (*Hernandez* v. *Brookdale Mills, Inc.,* 194 App. Div. 369.)

*Sidney A. Clarkson* and *Joseph E. Low* for respondent. A valid contract existed between the plaintiff and appel-

lant for the purchase and sale of real property. (*No. 2 & 4 Roman Ave., Inc.,* v. *Goddard,* 220 App. Div. 138; *Sanders* v. *Potlitzer Bros. Fruit Co.,* 144 N. Y. 209; *Marks* v. *Cowdin,* 226 N. Y. 138; Civ. Prac. Act, § 589; *Palmer* v. *Taylor,* 235 N. Y. 367; *Roskam-Scott Co.* v. *Thomas,* 175 App. Div. 84; *Brune* v. *Vomlehn,* 112 Misc. Rep. 342.) Appellant cannot raise the question of agency for the first time on appeal. (*De Remer* v. *Brown,* 165 N. Y. 410; *Ell-Dee Clothing Co.* v. *March,* 247 N. Y. 392.)

*Per Curiam.* A contract for the sale of real estate, to be enforceable, whether by the buyer or the seller, must be expressed in a memorandum in writing, subscribed by the grantor or his agent and assented to by the grantee. (Real Property Law [Cons. Laws, ch. 50], § 259; *300 West End Ave. Corp.* v. *Warner,* 250 N. Y. 221.) In this instance, the only writing signed by the grantor was a quitclaim deed purporting presently to make a conveyance. It records no contractual duty undertaken by either vendor or vendee; it fails to state the true consideration paid or to be paid. True it is, that the signed deed is identical, except that blanks have been filled in, with a draft deed forwarded by the defendant to the plaintiff for signature; true also, that a letter, whereby the defendant promised to forward a check for $2,500 by the Tuesday following, accompanied the deed. However, the letter is not referred to in the deed and cannot be regarded as incorporated therein, so that a writing, stating a complete contract, may be said to have been subscribed by the grantor. Moreover, it is clear that the defendant promised neither in writing nor in words, to purchase or pay for the property. Concededly, in the oral conversations, the defendant was negotiating for others. The deed which the defendant forwarded for signature to the plaintiff named the Loyal Estates Co., Inc., as the grantee. The defendant thus disclosed to the plaintiff the name of the principal for whom he was acting.

Since the defendant never promised himself to buy, since he disclosed the name of the purchaser he represented, on no theory may he be held liable to pay the purchase price agreed upon.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all the courts.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgments reversed, etc.