MARIE WOLF, Plaintiff, *v.* DIEDRICH NIEMEYER, Defendant.

Supreme Court, Special Term, Westchester County, April 21, 1937.

*Irving Rosenberg*, for the plaintiff.

*Thomas F. Sullivan*, for the defendant.

SYME, J.   This is a motion to strike out the separate defense and counterclaim pleaded in the answer, and for judgment on the pleadings, on the theory that such separate defense and counterclaim is insufficient in law and is unenforcible under the provision of the Statute of Frauds.

The action is brought to recover $3,750, the balance due upon a bond which accompanied a second mortgage given by defendant to plaintiff covering real property located in Yonkers, N. Y.

This indebtedness was originally in the sum of $7,000, representing part of the purchase money for the property in question, and was reduced by installment payments to the amount sued for.

The second mortgage having been wiped out by the foreclosure of the first mortgage, this action was brought on the bond.

The answer admits the execution and delivery of the bond and mortgage and affirmatively pleads that the amount due was reduced to $3,750.

There is no affirmative defense of payment of the balance pleaded, except as it may be inferred in the separate defense and counterclaim, which, in substance, is to the effect that the mortgagee agreed to become repossessed of said premises and to discharge defendant from further obligation on the bond upon defendant executing and delivering to such mortgagee (plaintiff herein) a full covenant warranty deed of the premises involved; that such deed was duly executed and delivered to the attorney representing plaintiff, and that a few days thereafter the deed was returned with a statement that plaintiff would not accept such deed.

There is no claim that any part of such alleged agreement was in writing.

No reply has been served to the counterclaim, but in lieu thereof plaintiff has moved, under rule 110 of the Rules of Civil Practice, for judgment dismissing the counterclaim, on the pleadings and an affidavit, on the ground that the contract on which the cause of action alleged in the counterclaim is based is unenforcible under the provisions of the Statute of Frauds.

The section relied on is section 259 of the Real Property Law, which provides: " A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the lessor or grantor, or by his lawful agent thereunto authorized by writing."

In construing this section, POUND, J., writing for the Court of Appeals, said in *300 West End Ave. Corp.* v. *Warner* (250 N. Y. 221, at pp. 226 *et seq.*):

" That the owner alone needs protection is an assertion made without reason or authority to support it.

" Here we are dealing with the special mandate of a statute which plainly says that the contract, or some note or memorandum thereof, shall be void unless subscribed by the lessor or grantor and we have the statute pleaded as a defense.

" The purpose of the statute is to prevent fraud. The owner is not the only possible victim of the fraud made possible by proof of oral contracts.

" Fraud may seek to compel one either to take or to make transfers of an interest in real estate evidenced only in parol.

" But it does not follow that the vendor may enforce an oral executory contract against the purchaser merely by writing and subscribing a memorandum of the bargain. The meeting of minds which establishes contractual relations must be shown. The purchaser must indicate his assent to the transaction.

" The note or memorandum, although subscribed by the lessor or grantor alone, becomes enforcible by him only when the lessee or grantee is shown in some manner to have accepted it as evidence of a valid and operative agreement between the parties."

In *Clarkson* v. *Krieger* (254 N. Y. 114, 116), it was said:

" A contract for the sale of real estate, to be enforceable, whether by the buyer or the seller, must be expressed in a memorandum in writing, subscribed by the grantor or his agent and assented to by the grantee. (Real Prop. Law [Cons. Laws, chap. 50], § 259; *300 West End Ave. Corp.* v. *Warner*, 250 N. Y. 221.)

" In this instance, the only writing signed by the grantor was a quitclaim deed purporting presently to make a conveyance. It records no contractual duty undertaken by either vendor or vendee; it fails to state the true consideration paid or to be paid. True it is, that the signed deed is identical, except that blanks have been filled in, with a draft deed forwarded by the defendant to the plaintiff for signature; true also, that a letter, whereby the defendant promised to forward a check for $2,500 by the Tuesday following, accompanied the deed. However, the letter is not referred to in the deed and cannot be regarded as incorporated therein, so that a writing, stating a complete contract, may be said to have been subscribed by the grantor."

In the instant case there is no claim of any writing whatsoever, except the deed executed by defendant and his wife, forwarded by a letter written by defendant's attorney to plaintiff's then attorney, which deed was returned in a few days in a letter written by plaintiff's then attorney, reading:

" Some time ago, Mrs. Wolfe told me she could not accept the deed, and I am therefore returning it to you.

" I am sorry that some arrangement cannot be made."

Under such circumstances, I find that the counterclaim pleaded in the answer is unenforcible under the provisions of the Statute of Frauds, and, therefore, strike out said counterclaim, and grant judgment on the pleadings in favor of plaintiff. Settle order on two days' notice.