ALAMOE REALTY COMPANY v. MUTUAL TRUST LIFE
INSURANCE COMPANY.[1]

April 8, 1938.

No. 31,626.

[1]Reported in 278 N. W. 902.

See 197 Minn. 640, 268 N. W. 665.

*S. H. Eckman,* for appellant.

*R. Vern Eckman,* for respondent.

GALLAGHER, CHIEF JUSTICE.

To the complaint in this action defendant demurred on the ground that no cause of action was stated, and this appeal is taken from an order sustaining the demurrer.

That plaintiff was the owner of certain encumbered realty which defendant purchased at a foreclosure sale, that defendant promised orally to accept a mortgage in the sum of the amount that would be necessary to redeem from the sale, together with certain other amounts if plaintiff would secure a lessee of the property for at least three years at a reasonable rental and would assign the rents to defendant, and that plaintiff performed these conditions is a sufficient although incomplete statement of the allegations of the complaint, which prays damages in the amount of the loss plaintiff suffered because of defendant's failure to perform its promises.

This same transaction was made the basis of a suit against this defendant, brought by the since discharged receiver of plaintiff in Hatlestad v. Mutual T. L. Ins. Co. 197 Minn. 640, 268 N. W. 665. The case arose on demurrer, the allegations of the complaint being substantially the same as here except that plaintiff was alleged to have promised to give a mortgage in consideration of defendant's promise to accept a mortgage. It was there held that a mortgage on land is an interest in lands within the meaning of the statute of frauds (2 Mason Minn. St. 1927, § 8460), that an oral contract to make and to accept such a mortgage is unenforceable if not void, that an action for damages founded upon such a contract is not aided by partial performance, and that the part performance alleged is not of a character to relieve the transaction from the bar of the statute so as to permit specific performance.

In this last case the complaint alleged a bilateral contract to make and to accept a mortgage; in the instant case the complaint

alleges a unilateral contract binding defendant to accept a mortgage but which does not obligate plaintiff to make a mortgage. This is the only distinction between the two cases, and the only question for decision is whether a contract to take an interest in land is within the operation of our statute [§ 8460] making every contract "for the sale of any lands, or any interest in lands" unenforceable unless in writing.

This question, although met with but infrequently, is of an ancient date. Plaintiff relies upon Burrell v. Root, 40 N. Y. 496, which holds that the statute applies only to contracts imposing some obligation upon the owner of the land, but is inapplicable to an agreement based on sufficient consideration which provides that the promisor will purchase the land but which does not require the promisee, the owner of an interest in land, to sell.

The policy of the statute is to defend against frauds and perjuries by denying force to oral contracts of certain types which are peculiarly adaptable to those purposes. 2 Williston, Contracts (Rev. ed.) § 448. The possibility of imposition by reason of unfounded and fraudulent claims in the absence of written evidence of a contract is not limited to one class of parties to such actions. "The owner is not the only possible victim of the fraud made possible by proof of oral contracts. Fraud may seek to compel one either to take or to make transfers of an interest in real estate evidenced only in parol." 300 West End Ave. Corp. v. Warner, 250 N. Y. 221, 226, 165 N. E. 271, 273. In consequence, the operation of the statute is extended to any contract the purpose of which is to transfer to one of the parties an interest in land. 2 Williston, Contracts (Rev. ed.) § 488. The classes of oral contracts within the statute of frauds are: "(1) A promise to transfer any interest in land to any person * * * (2) A promise to buy any interest in land * * *" Restatement, Contracts, § 193. We hold, therefore, that a contract to purchase land or an interest therein which is not evidenced by a writing is within the evil which the statute opposes and subject to its operation, although not strictly within the letter of the act. Traiman v. Rappaport (C. C. A.) 41 F. (2d) 336, 71 A. L. R. 475; Wright v. Green, 67 Ind. App. 433,

460

119 N. E. 379; Esslinger v. Pascoe, 129 Iowa, 86, 105 N. W. 362, 3 L.R.A.(N.S.) 147; Parker's Heirs v. Bodley, 4 Bibb (Ky.) 102; Hocker v. Gentry, 3 Metc. (Ky.) 463; Denvir v. North Ave. Sav. Bank, 290 Mass. 137, 194 N. E. 836; Folsom v. Great Falls Mfg. Co. 9 N. H. 355; Wolf v. Niemeyer, 163 Misc. 367, 295 N. Y. S. 915; Simms v. Killian, 12 Ired. (N. C.) 252; Pettis v. Ray, 12 R. I. 344; Henderson v. Hudson, 1 Munf. (Va.) 510.

Order affirmed.