ANDERSON, Justice.
This dispute is on its second appeal, following two jury trials, and requires us to decide whether the preponderance-of-the-evidence standard or the clear-and-convincing-evidence standard applies when determining the existence of an oral contract for the conveyance of farmland when only money damages are sought for the claimed breach of that contract. James Christie claims that his parents, Dilman and Dorothy Christie (now represented by their estates), were obligated under an oral contract for the sale of land to convey farm property to him. At the second trial in this case, the jury found by a preponderance of the evidence that an oral contract existed between James and his parents and awarded James damages for the breach of that contract. The district court concluded that James had detrimentally relied on the alleged oral contract and based on that determination, concluded that the statute of frauds, which would have otherwise barred enforcement of the contract, did not apply. The estates of Dilman and Dorothy ("the Estates") moved for judgment as a matter of law and a new trial, asserting primarily that the standard of proof that the jury used to decide whether the contract existed was erroneous. The district court denied the motion, the court of appeals affirmed, and we granted the Estates' petition for review. We now reverse the decision of the court of appeals and remand to the district court for a new trial.
FACTS
Respondent James Christie contends that he and his parents had an oral agreement concerning the sale of farmland, but appellants, the Estates, assert that there was no agreement. The alleged agreement was reached when James was experiencing significant financial difficulty. According to James, he and his parents orally agreed that (1) James would transfer ownership of his 470-acre farm to Dilman and Dorothy; (2) Dilman and Dorothy would borrow the funds, secured by a mortgage on the property, to finance the purchase of the land, with the loan proceeds going to pay off the debt of James; (3) James would make the loan payments; and (4) Dilman and Dorothy would transfer title to the property to James after the mortgage was satisfied. James eventually paid off the mortgage *836 debt, but Dilman's estate[1] refused to convey title to the land to James.
James sued the Estates for enforcement of the alleged oral contract. Although a warranty deed reflects the conveyance of the property from James to Dilman and Dorothy (as joint tenants) in January 2004, it is undisputed that there is no documentation of an agreement to re-convey the land to James upon his satisfaction of the mortgage and payment of other expenses. In the original complaint, James asserted both legal and equitable causes of action and requested both legal and equitable relief.
At the end of James's case-in-chief during the first trial, the Estates moved for judgment as a matter of law and the district court granted the motion, concluding that there was insufficient evidence that the parties had entered into an oral contract. In addition, the district court concluded that the statute of frauds, which requires contracts for the sale of land to be in writing, Minn. Stat. § 513.05 (2016), prevented enforcement of the alleged contract.
The court of appeals reversed and remanded for a new trial, concluding that there was sufficient evidence of an oral contract to submit the issue to the jury. See Christie v. Estate of Christie (Christie I ) No. A14-2196, 2015 WL 5825096, at *1 (Minn. App. Oct. 5, 2015), rev. denied (Dec. 29, 2015).
At the second trial, the claim was tried as a breach-of-contract claim with damages as the sole remedy. But the parties disagreed about the standard of proof. The district court decided that preponderance of the evidence was the appropriate standard, rejecting the Estates' argument that clear and convincing evidence was the appropriate standard.
The jury returned a special verdict, finding that (1) there was a contract between James and Dilman and Dorothy that they would transfer the 470 acres of land to him following his payment of the mortgage, insurance, taxes, and maintenance; (2) James did, in fact, pay the mortgage in full, including insurance, taxes, and maintenance in reliance upon the contract with his parents; (3) Dilman and Dorothy breached the contract; (4) the breach directly caused James damage; and (5) the amount of money that would fairly and adequately compensate James for the damages caused by the breach was $3,332,000-the market value of the land.
The district court concluded that James had "detrimentally relied on the agreement to a sufficient extent to justify" enforcing the agreement as an exception to the statute of frauds.[2] According to the *837 court, James detrimentally relied on the alleged oral agreement by conveying the property to his parents at a price "substantially less than fair market value" and making substantial-if not all-principal mortgage payments, in addition to paying the insurance, taxes, and maintenance. Because of his detrimental reliance, the court concluded that James "would incur unjust and irreparable injury" if the court applied the statute of frauds to prevent enforcement of the agreement.
After the second trial, the Estates moved for judgment as a matter of law or a new trial.[3] The Estates contended that they were entitled to a judgment as a matter of law because (1) the oral agreement did not satisfy the statute of frauds; (2) the alleged oral agreement could not be removed from the statute of frauds "because there is not clear and unequivocal evidence of the alleged oral agreement"; (3) there could be no detrimental reliance without "clear and unequivocal evidence of the alleged agreement"; and (4) the jury's verdict was contrary to the evidence presented. They argued that they were entitled to a new trial because the district court improperly instructed the jury that a preponderance of the evidence, rather than clear and convincing evidence, is the standard of proof required to prove the existence of an oral contract. They also contended that they were entitled to a new trial because the evidence submitted at trial did not support the jury's verdict even when measured under the preponderance-of-the-evidence standard.
The district court rejected the Estates' argument that the jury should have used the clear-and-convincing-evidence standard to determine whether a contract existed. The court reasoned that the jury was simply "determining the existence of a stand-alone oral contract" and that James was not seeking specific performance, the relief normally associated with the clear-and-convincing-evidence standard, but instead was claiming money damages. The district court also concluded that "the evidence submitted supports the jury's verdict."
On appeal, the Estates argued that the district court erred by denying their posttrial motions. The court of appeals affirmed. Christie v. Estate of Christie (Christie II ) A16-1244, 2017 WL 1436081, at *4 (Minn. App. Apr. 24, 2017). The court of appeals concluded that the district court did not err by allowing the jury to use the preponderance-of-the-evidence standard instead of the clear-and-convincing-evidence standard to determine the existence of an oral contract because James sought damages and declined to seek specific performance. See id. at *2-3. The court suggested that the concern underlying the statute of frauds-that "real property is unique"-disappears when the parties agree not to seek specific performance and thus the standard of proof need not be elevated to the clear-and-convincing level. Id. The court also concluded that, when viewed in the light most favorable to the nonmoving party, the evidence in the record was sufficient to support the jury's findings. Id. at *3. We granted review.[4]
ANALYSIS
The Estates contend that the district court erred by denying their motion *838 for a new trial because the district court improperly instructed the jury on the applicable standard of proof and because the evidence at trial did not support the jury's verdict.[5] We review a district court's decision to grant or deny a new trial for an abuse of discretion. Moorhead Econ. Dev. Auth. v. Anda , 789 N.W.2d 860, 892 (Minn. 2010). A district court may grant a new trial for "[e]rrors of law occurring at the trial" or when "[t]he verdict ... is not justified by the evidence, or is contrary to law." Minn. R. Civ. P. 59.01.
"The district court has broad discretion in determining jury instructions, and we will not reverse where jury instructions overall fairly and correctly state the applicable law." Daly v. McFarland , 812 N.W.2d 113, 122 (Minn. 2012) (citation omitted) (internal quotation marks omitted). But "[a] new trial is required if the jury instruction was erroneous and such error was prejudicial to [the objecting party] or if the instruction was erroneous and its effect cannot be determined." Id. (citation omitted) (internal quotation marks omitted). "A jury instruction is prejudicial if a more accurate instruction would have changed the outcome of the case"; and if "the effect of the erroneous instruction cannot be determined, we will give the complainant the benefit of the doubt and grant a new trial." Domagala v. Rolland , 805 N.W.2d 14, 31 (Minn. 2011) (citation omitted). To determine whether the jury instruction was erroneous, we evaluate the applicable standard of proof, which is a question of law requiring de novo review. See C.O. v. Doe , 757 N.W.2d 343, 352 (Minn. 2008).
According to the Estates, the standard of proof required to prove an oral contract for the sale of land is clear and convincing evidence, regardless of whether the remedy sought is specific performance or damages. James argues that, when the remedy sought is damages, the standard of proof is preponderance of the evidence. We agree with the Estates.
The standard of proof varies depending on the type of case and serves several purposes. It "instruct[s] the fact finder on the degree of confidence our society desires the fact finder to have in the correctness of his or her conclusions." Carrillo v. Fabian , 701 N.W.2d 763, 773-74 (Minn. 2005) (citation omitted). The standard of proof also "allocate[s] the risk of error between the litigants" and "indicate[s] the relative importance attached to the ultimate decision." Id. (citation omitted) (internal quotation mark omitted). We use both preponderance of the evidence *839 and clear and convincing evidence as evidentiary standards in civil cases, depending on the circumstances. Preponderance of the evidence "requires that to establish a fact, it must be more probable that the fact exists than that the contrary exists." City of Lake Elmo v. Metro. Council , 685 N.W.2d 1, 4 (Minn. 2004). Clear and convincing evidence is "shown where the truth of the facts asserted is highly probable." Weber v. Anderson , 269 N.W.2d 892, 895 (Minn. 1978) (internal quotation marks omitted).
In most civil cases, we use the less rigorous standard, preponderance of the evidence, "because society has a 'minimal concern' with the outcome of private suits." Carrillo , 701 N.W.2d at 774 (quoting Addington v. Texas , 441 U.S. 418, 423, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) ). But a higher standard, clear and convincing evidence, is required in some civil matters, such as disputes "involving allegations of fraud or other quasi-criminal wrongdoing ... because the defendant's interests at stake in those cases are more substantial than those present in a typical civil case." Id. (citing Addington , 441 U.S. at 424, 99 S.Ct. 1804 ).
The alleged oral contract between James and Dilman and Dorothy concerns the sale of farmland, and Minnesota has enacted a statute of frauds that imposes safeguards on contracts for the sale of land. According to Minn. Stat. § 513.05 :
Every contract for the leasing for a longer period than one year or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party by whom the lease or sale is to be made, or by the party's lawful agent thereunto authorized in writing; and no such contract, when made by an agent, shall be entitled to record unless the authority of such agent be also recorded.
As we have said, the statute's purpose is "to defend against frauds and perjuries by denying force to oral contracts of certain types which are peculiarly adaptable to those purposes." Alamoe Realty Co. v. Mut. Tr. Life Ins. Co. , 202 Minn. 457, 278 N.W. 902, 903 (1938) (citation omitted).
Our precedent in cases involving the statute of frauds confirms that clear and convincing evidence is the appropriate standard for proving the existence of an oral contract for the sale of land, particularly when the remedy at stake is specific performance. See, e.g. , Ehmke v. Hill , 236 Minn. 60, 51 N.W.2d 811, 817 (1952) ("To warrant specific performance of an oral contract to give real property by will, the contract ... must be established by clear, positive, and convincing evidence ...." (emphasis added)); Anderson v. Anderson , 197 Minn. 252, 266 N.W. 841, 842 (1936) (referencing that the parties had conceded that "to be entitled to specific performance," a parol contract "must be established by proof that is clear, positive, and convincing"). These decisions speak clearly to the standard of proof when the remedy sought is specific performance. They are silent, however, when the remedy sought is damages.
But to subject an oral contract for the sale of land to a less rigorous standard of proof simply because the remedy at stake is money damages and not the land itself would undermine the statute of frauds. We have noted that we accord land a "special status" compared with other forms of property and thus specific performance is the common remedy for a breach of a *840 contract for the sale of land. Shaughnessy v. Eidsmo , 222 Minn. 141, 23 N.W.2d 362, 368 (1946). Many of the same considerations about the "special status" of land apply, however, even when the remedy is not specific performance. The existence of fraud is a concern regardless of whether the remedy sought for breach of an oral land contract is monetary damages or specific performance. It is also the nature of the wrongdoing-fraud-and not merely the remedy at stake that underlies our decisions to require clear and convincing evidence as the standard of proof in contexts other than the sale of land.
We have held that the clear-and-convincing-evidence standard is appropriate in contract cases where, similar to alleged oral contracts for the sale of land, an underlying concern is that a fraudulent claim regarding the contract could be enforced if the standard of proof is not high enough to ensure certainty. For example, proof of an oral modification to a written contract requires "clear and convincing evidence." Kavanagh v. Golden Rule , 226 Minn. 510, 33 N.W.2d 697, 700 (1948) (internal quotation marks omitted); see also Hayle Floor Covering, Inc. v. First Minn. Constr. Co. , 253 N.W.2d 809, 812 (Minn. 1977) (stating that "the terms of a written agreement can only be altered by parol evidence which is clear and convincing"). In addition, specific performance of an oral contract to make a will requires "clear, positive, and convincing evidence," Clark v. Clark , 288 N.W.2d 1, 8 n.10 (Minn. 1979), and "reformation of a written contract on the ground of mutual mistake" also requires "clear, unequivocal, and convincing" evidence, Gartner v. Gartner , 246 Minn. 319, 74 N.W.2d 809, 812 (1956).
In these contexts, the need for certainty surrounding the contract is heightened. The facts should be "consistent and not contradictory, clear and not equivocal, convincing and not doubtful." Theisen's, Inc. v. Red Owl Stores, Inc. , 309 Minn. 60, 243 N.W.2d 145, 148-49 (1976) (emphasis omitted) (quoting Fritz v. Fritz , 94 Minn. 264, 102 N.W. 705, 706 (1905) ). Because the factfinder has "[t]he large burden of responsibility for a correct result," Carlson v. Carlson , 211 Minn. 297, 300 N.W. 900, 902 (1941) (citation omitted), the more rigorous standard of proof allows courts to be certain that the parties orally agreed to modify a contract or to provide a particular bequest of property, that both parties were mutually mistaken and require reformation of a contract, or that both parties agreed to an oral contract for the sale of land. Applying the clear-and-convincing standard to the disputed existence of an oral contract for the sale of land is consistent with our jurisprudence.
Because issues with fraud in an oral contract for the sale of land often exist separate and apart from the remedy requested, and because our precedent requires a higher standard of proof to combat concerns about fraud, we conclude that clear and convincing evidence is required to prove that an oral contract for the sale of land existed, regardless of whether the party seeks damages or specific performance. In so holding, we note only that claims for breach of other oral contracts may not necessarily present the same considerations.
Here, James and the Estates dispute the existence of an oral contract for the sale of land. The decision by James to seek damages instead of specific performance does not affect the standard of proof that he must meet to prove the existence of the alleged oral contract.
We therefore conclude that the district court abused its discretion by denying the *841 Estates' motion for a new trial because the district court instructed the jury on the incorrect standard of proof. In addition, on this record, we cannot determine the effect of the erroneous instruction. We therefore remand for a new trial. Domagala , 805 N.W.2d at 31.
CONCLUSION
For the foregoing reasons, we reverse the decision of the court of appeals and remand to the district court for a new trial.
Reversed and remanded.
THISSEN, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

Dilman died in June 2012, one month after James had satisfied the mortgage. James originally brought an action against Dilman's estate, claiming that the parties had orally agreed that Dilman and Dorothy would re-convey and transfer the property back to James when he satisfied the mortgage. Dilman and Dorothy held the property in joint tenancy, so Dorothy became full owner of the property when Dilman died. When Dorothy died in January 2014, James added her estate as a defendant in this action.

Detrimental reliance is a form of the part-performance doctrine that allows a court to enforce an oral contract for the sale of land as an exception to the statute of frauds when one of the parties "has relied on an oral agreement to such an extent that it would be a fraud on the part of the other contracting party to void the agreement." Crossroads Church of Prior Lake MN v. County of Dakota , 800 N.W.2d 608, 614-15 (Minn. 2011) ; see also Part Performance , Black's Law Dictionary (10th ed. 2014).

The Estates also moved to amend the court's findings of fact and conclusions of law, which the district court granted "to incorporate issues that were stipulated to by the parties at the trial." This motion is not at issue here.

The Estates suggest that the district court, not the jury, should decide whether the alleged oral agreement existed. But the Estates do not provide any analysis or cite to legal authority to support this claim. To the extent that this suggestion in their briefs and at oral argument was, in fact, an argument, it is waived. Fannie Mae v. Heather Apartments Ltd. P'ship , 811 N.W.2d 596, 600 n.2 (Minn. 2012) ("Summary arguments made without citation to legal support are waived.") (citing State v. Krosch , 642 N.W.2d 713, 719 (Minn. 2002) ).

The Estates also argued in this appeal that the district court erred by denying their posttrial motion for judgment as a matter of law because the jury's verdict was manifestly contrary to the evidence. See Minn. R. Civ. P. 50.01 (explaining the standard for judgment as a matter of law). "We review de novo a district court's decision to deny a motion for judgment as a matter of law," applying the same standard used by the district court and viewing the evidence in the light most favorable to James. In re Estate of Butler , 803 N.W.2d 393, 399 (Minn. 2011) (citation omitted). After a thorough review of the record, we conclude that, under this standard and the preponderance-of-the-evidence standard applied by the district court, there was enough evidence for the district court to deny the motion for judgment as a matter of law.