Given Garcia's misunderstanding of the review standard, he did not challenge as clearly erroneous any of the district court's factual findings. We will rely on those findings and limit our de novo review to whether the district court properly applied the law to the facts in concluding that Garcia failed to meet his burden to raise the entrapment defense.
The district court erred in applying the law to the facts. The district court concluded that Garcia "did not meet the burden of showing by a preponderance of the evidence that the government agent here entrapped him into committing the crime ." (Emphasis added.) The district court's conclusion and its reasoning reflect a misunderstanding of Garcia's burden. It reasoned that, although "Garcia was persuaded ... to commit the crime," H.F.'s conduct could not have been the source of this persuasion because Garcia's effort to prevent H.F. from being beaten "would be effective only until she needed drugs again" and because it was "clear that H.F. and [Walker had been] in direct contact with each other" before the fantasy-football meeting where Garcia let Walker use his phone. It rephrased its conclusion by stating that Garcia "did not show that his motivation came from actions by the government agent claiming that he would be protecting her from assault."
The district court's reasoning indicates that it improperly conflated the two elemental steps of the entrapment analysis into one, loading Garcia with an expanded burden of proof. The defendant has the burden of showing inducement, not proving that the inducement was his motivating force. The supreme court follows "the majority view" on the first element, which is that, "[w]ith respect to proof of the element of inducement, ... the evidence must show that the state did something more than merely solicit the commission of a crime." State v. Olkon , 299 N.W.2d 89, 107 (Minn. 1980). The first step therefore focuses on the state's actions ("that the state did something"), while the second step focuses on the defendant's predisposal to commit the offending act. Id. (emphasis added). In State v. Vaughn the supreme court demonstrated that the focus in the first step is on the officer's conduct rather than on the effect that the officer's conduct had on the defendant, rejecting an entrapment defense because officers "did not pressure or otherwise induce [the defendant] to commit [the crimes]." Id. , 361 N.W.2d 54, 57 (Minn. 1985). We must infer that the defendant's burden is not to prove that the government's conduct actually induced him but merely to make a showing from the evidence that the state's conduct demonstrated inducement. See id. ("Once the defendant has raised the issue by showing inducement, to obtain a conviction the state must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime.").
The supreme court's clearest summary of the defendant's burden establishes expressly that it is not a burden of proof, but a burden merely of production. In State v. Charlton the court explained that "a lesser burden rests on a defendant pleading ... entrapment":
The lesser burden is one of production, which requires the defendant to come *344 forward and present a sufficient threshold of evidence to [raise] the defense .... Once the issue is sufficiently raised, as determined as a matter of law by the trial court, the burden of proof beyond a reasonable doubt on the [substantive] issue ... is on the state.
338 N.W.2d 26, 29 (Minn. 1983) ; see also State v. Niska , 514 N.W.2d 260, 264 (Minn. 1994) (restating that "defendants pleading self-defense or entrapment need only fairly raise those defenses and then the burden of disproving them beyond a reasonable doubt falls on the state").
We have consistently followed this approach in requiring a mere showing of evidence of inducement based on a preponderance of the evidence, not proof that the inducement was the defendant's actual motivation. See State v. Oanes , 543 N.W.2d 658, 664 (Minn. App. 1996) ("A defendant must raise an entrapment defense by establishing by a fair preponderance of the evidence that a government actor initiated the criminal idea."); State v. Johnson , 511 N.W.2d 753, 755 (Minn. App. 1994) (holding that defendant showed "by a fair preponderance of the evidence that the government induced the crime" based on the government's conduct in "solicit[ing] the encounter" and "continu[ing] to press its offer even after Johnson initially refused to buy any marijuana"), review denied (Minn. Apr. 19, 1994); In re Welfare of G.D. , 473 N.W.2d 878, 883 (Minn. App. 1991) ("To establish inducement, appellant had to produce evidence of persuasion, badgering, or pressure by the state." (quotation omitted)); cf. State v. Ketter , 364 N.W.2d 459, 463 (Minn. App. 1985) (holding that the trial court erred by refusing to give an entrapment instruction when conflicting evidence included testimony of the prostitution defendant that she had declined the undercover officer's "requests for sexual services and that she engaged in the sexual contact for the purpose of putting an end to his sexual advances").
By contrast to this standard, the district court here did not decide whether Garcia met his burden of mere production by presenting a preponderance of evidence showing that H.F.'s actions were persuading, badgering, or pressuring or that they otherwise constitute inducement. Its order instead addressed the different question-whether Garcia proved that H.F.'s badgering and pressuring was the force that motivated Garcia's participation. The order followed the same reasoning the district court gave when ruling from the bench: "I don't know what [was] the inducement or the incentive that caused him to decide [to change his mind and participate in the drug transfer], but he decided that he was going to do that act and it wasn't just because the government was inducing him to do that. So it's my finding." This approach placed a substantively expanded burden on Garcia and constitutes error.
Garcia maintains that the evidence he presented met his burden of production by a preponderance of the evidence. The district court's findings support his contention. A preponderance of the evidence exists when it is more probable than not that a fact exists. Christie v. Estate of Christie , 911 N.W.2d 833, 838-39 (Minn. 2018). Based on the district court's factual findings, H.F.'s actions constitute inducement. She repeatedly asked Garcia to participate in the drug deal despite his multiple refusals. She repeatedly reminded him that his participation would prevent her from being beaten by her boyfriend. She appealed to his sympathies. She offered him cash. And in a move that is likely unprecedented in our entrapment caselaw, she even arranged for the crime to follow Garcia to a store where she knew he would be shopping and at the time that she knew he would be there. The district court never *345 analyzed whether this conduct makes it more probable than not that H.F. was engaged in persuading, badgering, or pressuring. But we need not remand for the district court to decide that issue because the district court's express findings summarized above necessarily compel the conclusion-by more than a preponderance of evidence-that H.F. was engaged in persuading, badgering, and pressuring. Garcia met his burden of production to raise the entrapment defense.
That Garcia met his burden of production to raise the defense does not end the question of entrapment, however, because establishing the defense merely shifts the burden to the state, and the state must be afforded the opportunity to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. Grilli , 230 N.W.2d at 456. The district court never reached this second step because it ruled that Garcia failed on the first and, it ended the hearing without giving the state the opportunity to present its predisposition evidence. The hearing should resume at this juncture on remand.
We observe that the district court's statements and reasoning imply that it thought Garcia's freely choosing to participate in the crime precluded a finding of entrapment without regard to whether he was so predisposed. It is true that a defendant might establish that the "the conduct of the government in participating in or inducing the commission of the crime is sufficiently outrageous" to trigger a constitutional due-process defense and that this defense would prevent a conviction regardless of whether the defendant was predisposed to commit the crime. Ford , 276 N.W.2d at 179, 182 ("Unlike the entrapment defense, the due-process defense bars conviction of even a predisposed defendant if the conduct of the government in participating in or inducing the commission of the crime is sufficiently outrageous."). But Garcia has not argued that the agent's badgering constitutes outrageous, unconstitutional police conduct. And a defendant's freely choosing to participate in a crime cannot defeat an entrapment defense because the defense presupposes that the defendant exercised his free choice but bars criminal liability based on the government's attempt to unfairly induce that choice. The district court must address the second element of predisposition.
DECISION
Because the facts found by the district court necessarily establish by more than a preponderance of the evidence that the state's agent engaged in inducement by persuading, badgering, or pressuring, Garcia met his burden of production on the first element of his entrapment defense. The district court ostensibly ruled from the bench on this element and ended the hearing before the state had the opportunity to introduce any evidence on the second element, Garcia's alleged predisposition to commit the crime. We accept the district court's fact findings and reverse its conclusion on the first element of the entrapment defense. We therefore remand for the district court to resume the hearing and make findings of fact and conclusions of law on the second element.
Reversed and remanded.